Argued February 28, decided March 3, rehearing denied March 24, 1914.

## OBENCHAIN v. RANSOME-CRUMMEY CO.

(138 Pac. 1078; 139 Pac. 920.)

**Continuance—Grounds—Absence of Attorney and Witnesses.**

1. Where a case was set for trial on January 15th, but on the 14th court adjourned to the 17th, and the general attorney of the defendant corporation was present on the 14th, prepared to conduct the trial on the 15th, but was required to return home before the 17th, leaving the case in charge of the local attorney, who, however, was competent to try it, the refusal of a continuance, asked on the ground of absence of the general attorney and of the president and secretary of the corporation, who were not present on the 14th or 15th, was within the discretion of the court.

[As to when parties to a civil action are entitled to a continuance, see note in 74 Am. Dec. 141. As to absence of counsel as grounds for continuance, see note in Ann. Cas. 1913C, 431. As to continuances in divorce cases, see note in Ann. Cas. 1914B, 359.]

**Appeal and Error—Review—Harmless. Error—Decision Correct on Merits.**

2. Under Article VII, Section 3 of the Constitution, as amended (see Laws 1911, p. 11), providing that if the Supreme Court shall be of the opinion that the judgment appealed from was such as should have been rendered, it shall be affirmed notwithstanding any error at the trial, where, in view of all the evidence the jury could not have rendered a different verdict, the judgment will be affirmed regardless of objections to rulings in admitting certain evidence.

**Contracts—Validity—Effect of Illegality.**

3. Where plaintiff was employed by defendant as its agent to procure contracts for street improvements in a city, if it was con-

templated at the time of the hiring that the plaintiff should purchase theater tickets, pay for liquor, and otherwise entertain the city councilmen, the contract was void, and plaintiff cannot recover anything for his services.

[As to servant's right to recover of master for wrongful discharge, see notes in 43 Am. Dec. 205; 58 Am. Rep. 828; 51 Am. St. Rep. 515. As to when a contract is void because for services forbidden by public policy, see note in 66 Am. Dec. 505.]

**Contracts—Compensation of Agent—Question for Jury.**

4. In an action for compensation for services in procuring for defendant a contract for street improvements, evidence *held* sufficient to require submission to the jury of the question whether it was contemplated, at the time of plaintiff's hiring, that he should expend money for theater tickets, liquor and otherwise in entertaining city councilmen, in order to procure the contract.

**Constitutional Law—Due Process of Law—Procedure on Appeal.**

5. Article VII, Section 3 of the Constitution, as amended November 8, 1910, providing that, if the Supreme Court, shall be of opinion that the judgment appealed from is such as should have been rendered, it shall be affirmed, notwithstanding any error at the trial, is not violative of the Fourteenth Amendment of the Constitution of the United States, as a deprivation of property without due process of law.

From Klamath: HENRY L. BENSON, Judge.

Department 2. Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by M. M. Obenchain against the Ransome-Crummey Company, a corporation, to recover for services rendered and for money paid out on behalf of defendant at its request. The causes of action are separately stated. The first cause of action alleges:

"That heretofore, to wit, between the 1st day of February and the 30th day of November, inclusive, in the year 1910, the plaintiff rendered services and performed labor for, and at the special instance and request of the defendant, of the reasonable worth and value of $1,500. * * That for said service and labor so rendered and performed the defendant promised and agreed to pay plaintiff the sum of $1,500. * * That the defendant has not paid the plaintiff the said sum, or any portion thereof, except the sum of $300,

paid as follows, to wit: During the months of October and November, 1910.''

The second cause of action alleges:

''That heretofore, to wit, between the 20th day of February, 1910, and the 1st day of October, 1910, at Medford, Oregon, and at Klamath Falls, Oregon, at the request of the defendant, the plaintiff paid out and expended for the said defendant the sum of $516.70. * * That in consideration thereof, defendant promised to pay the same to plaintiff, but that the defendant has not paid the same, or any portion thereof, except the sum of $430, paid as follows, to wit: Between the 14th day of May, 1910, and the 30th day of September, 1910.''

Answering the first cause of action the defendant denied that plaintiff rendered services for a longer period than two months, or that such services were of greater value than $300, and alleged payment of such sum.

Answering the second cause of action defendant denied that plaintiff ever paid out the sum of $516, or any sum, on behalf of defendant. This was followed by a counterclaim against plaintiff for the sum of $550, money had and received by him to be expended for the use and benefit of the defendant.

The counterclaim was denied in the reply. The cause being at issue, it was set for trial July 12, 1912, but was continued to the December term, 1912. The case was set for trial on January 15, 1913. On the 14th of January court adjourned until the 17th of that month. Defendant is a California corporation having its place of business in San Francisco. Its local attorney, Horace M. Manning, resided at Klamath Falls and its general attorney, R. M. F. Soto, resided in San Francisco, and had not been admitted to practice in Oregon. On the 14th day of January Mr. Soto, as shown by the affidavits, arrived at Klamath Falls, but

was unaccompanied by any witnesses. On the 16th day of January, 1913, Attorneys Soto and Manning filed affidavits for continuance, the gist of which is to the effect that Mr. Soto came prepared to try the case on the 15th, and was ready to do so, but that by reason of being connected with important litigation in California, he would be unable to remain for the trial of the case on the 17th, that the president and secretary of the corporation were necessary witnesses, and that time would be requisite to bring them from San Francisco to Klamath Falls. The court overruled the motion, and the trial proceeded; Mr. Manning appearing for defendant and cross-examining plaintiff and his witnesses. There was a verdict for plaintiff, and defendant appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Mr. R. M. F. Soto* and *Mr. H. M. Manning,* with an oral argument by *Mr. Soto.*

For respondent there was a brief over the name of *Messrs. Stone & Barrett,* with an oral argument by *Mr. C. F. Stone.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. Granting or overruling a motion for a continuance is a matter in the sound discretion of the court, and will not be reviewed except for an abuse of such discretion. There was no abuse of it in this case. The issues were simple, and Mr. Manning, a local attorney of repute, was amply competent to try the case. The president and secretary of the defendant were not present on the 14th or 15th, and, if their attendance was at all necessary or desirable, it seems evident that they could have been there on the 17th. The case had been a long time at issue, the defendant having

already secured one continuance, and the court did not err in refusing to delay it further.

2. Objections are made to the rulings of the court in admitting certain testimony offered by plaintiff, but, taking into consideration all the testimony offered, we are satisfied that the jury could not have rendered a different verdict in any event; and, under the provisions of Article VII of Section 3 of our Constitution, as amended November 8, 1910 (see Laws 1911, p. 7), the judgment should be affirmed.

3. The most serious objection urged by defendant's counsel was the refusal of the court to direct a nonsuit on account of the alleged illegality of the contract. It appears from the testimony that the defendant, which is engaged in contracting for street improvements, paving and matters of that nature, was desirous of obtaining contracts for such work in the cities of Klamath Falls and Medford, and that it employed the plaintiff as its agent to work up and secure such contracts. In doing this he testified that he spent some money, amounting to over $200, purchasing theater tickets, paying for liquor, and otherwise entertaining councilmen, for which sum he afterward demanded reimbursement from defendant, but did not include it in the complaint in this action. Now, if the testimony shows that the defendant, when it hired plaintiff, contemplated or intended that he should expend money for such purposes, the contract of hiring was illegal and void, and, irrespective of the condition of the pleadings, it would have been the duty of the court so to declare it and dismiss the case: *Oscanyan* v. *Winchester Repeating Arms Co.,* 103 U. S. 261 (26 L. Ed. 539).

4. It remains, therefore, to be deduced from the evidence whether such expenditures were contemplated by the defendant when the contract was made. The tes-

timony on that subject appears in the bill of exceptions in the following language used by plaintiff:

"Q. 14. A letter was introduced by the counsel for the defendant, showing that you made a demand on them for the payment of $300. I think it was in June, 1911, probably. Why was not that $300, or all of it, included in the complaint that was finally filed against the Ransome-Crummey Company?

"A. I submitted that to you, to my attorney, Mr. Stone, and Mr. Stone advised me that he would not put that in the complaint from the fact that the money was expended in entertaining the councilmen at Medford, such as perhaps theater tickets and saloon bills, and also the money expended in the same way in Klamath Falls, and Mr. Stone refused to put it on the complaint, and for that reason I made a demand on them; otherwise I would have to stand for it myself, because that money was paid out of my own pocket, or from my personal account.

"Q. 15. Was all that money expended in that way?

"A. All but $86.70. We scratched that out, and $86.70 is the balance over and above the expense account that we allege in our complaint.

"Q. 16. What did they tell you with reference to this expense question when you were employed by them, and came up here to do the work, if anything?

"A. Mr. Crummey told me that any money that I spent would be returned to me.

"Q. 17. Did they tell you to expend it in that manner?

"A. They did. They told me to expend it in promotion work, that is the understanding, and spend as I see fit to use it. * *

"Q. You admit that you went down in your pocket and used funds for the purpose of entertaining councilmen, buying theater tickets for them, saloon bills, etc., in endeavoring to get contracts, do you?

"A. I will say that I spent it in entertaining; yes, sir.

"Q. You did that yourself?

"A. I did that myself. * *

"Q. 1. You said you were hired by the company for the purpose of obtaining contracts, and such as that, while you were in their employ?

"A. That was my understanding.

"Q. 12. And were you to use expense money for that purpose?

"A. For that purpose; yes, sir.

"Q. 13. And you expended this $300, that you testified to for the purpose of entertaining officials?

"A. I did not say public officials altogether; do not understand me that way."

Taking this testimony as a whole, it indicates that plaintiff was hired to work up and obtain certain contracts for the plaintiff, but there is nothing in the language quoted which shows that defendant ever authorized him to expend money for the illegal purpose of treating councilmen. The presumption that a person is innocent of a crime or wrong applies as well in civil as in criminal matters; and, in the absence of evidence that such expenditures were contemplated by the parties when the contract was made, we must assume that the expense money which was to be allowed plaintiff was intended only to cover such legitimate expenses as he might incur in obtaining contracts for his employer. Were this a suit by the defendant to enforce the collection of a sum due upon a contract obtained by its agent's having used corrupt methods to secure it, a different question might arise; but that is not his case. The contract was not for a corrupt purpose. The agent was employed to promote the employer's interest by means presumably lawful. The agreement to reimburse him for expense money was for such expenses as he might legitimately incur, and it is for expenses of the latter character that he seeks to recover in this action, clearly recognizing the fact that moneys spent in treating and entertaining councilmen were not such as could be recovered under the

terms of his employment. He is not to be deprived of compensation for work legitimately done and money legitimately expended under the terms of his contract, by reason of the fact that in his zeal for his employers he expended money outside of the fair intent of his contract. The court instructed the jury on this subject as follows:

"The court instructs you, gentlemen of the jury, that if you find from the evidence adduced here in the trial of the above-entitled action that plaintiff and the defendant herein entered into an agreement whereby defendant was to pay the plaintiff money for the securing of public contracts, and authorized said plaintiff to use money in the entertainment of public officials for the purpose of influencing them in letting such contracts to the defendant, and that plaintiff did so expend such money for that purpose, then you will find for defendant, as such an agreement is against public policy and is void."

The jury having found that no such corrupt contract was entered into, that feature of the case is disposed of.

The judgment is affirmed.                AFFIRMED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE RAMSEY concur. MR. JUSTICE MCNARY not sitting.

———

Decided March 24, 1914.

ON PETITION FOR REHEARING.

(139 Pac. 920.)

Opinion by MR. CHIEF JUSTICE MCBRIDE.

In a petition for rehearing the defendant's counsel calls our attention to a mistake made in the concluding part of the opinion, wherein we quote the instruction requested by defendant upon the question raised

as to the illegality of the contract and treat it as having been actually given.

The requested instruction appears in the printed abstract with nothing immediately following to indicate that it was refused, or that any exception was taken; but we find in the specifications of error a statement that it was refused, and by comparison with the original bill of exceptions this appears to have been the case. As intimated in the opinion, there is no testimony indicating that any unlawful or corrupt expenditure of money was contemplated in the contract under which plaintiff was employed, which was probably the reason for the court's refusal to instruct upon that subject. In any event, the whole testimony is before us, and upon that testimony we are satisfied the verdict and judgment are such as should have been rendered, and should therefore be affirmed, under the provisions of Article VII, Section 3, of our Constitution, as amended November 8, 1910.

It is contended that this section of the Constitution is void, because it contravenes the Fourteenth Amendment to the Constitution of the United States, in that it deprives defendant of its property without due process of law. In what respect it has this effect is not clearly pointed out in the brief which accompanies the petition. Our view of the scope and effect of the amendment to our Constitution is stated in *Knight* v. *Beyers* (Or.), 134 Pac. 787.

The petition is denied.          REHEARING DENIED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE RAMSEY concur. MR. JUSTICE MCNARY not sitting.