# SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

### AT INDIANAPOLIS, MAY TERM, 1880, IN THE SIXTY-FOURTH YEAR OF THE STATE.

———◆———

70 1
142 514

THE AMERICAN INSURANCE CO., OF CHICAGO, v. BUTLER.

CONTRACT.—*Documentary Evidence.*—*Instruction to Find for Defendant.*— Where, in a suit upon a contract, the validity of such contract, and the plaintiff's right to recover thereon, depend, in any degree, upon the legal sufficiency of documentary evidence, it is the province of the court to determine the sufficiency in law of such evidence ; and if, in the opinion of the court, it is not sufficient, the court may properly instruct the jury to return a verdict for the defendant.

SAME.—*Supreme Court.*—*Reversal of Judgment.*—*Practice.*—In such case, the decision of the court, in its construction of such documentary evidence, is a proper subject of review in the Supreme Court ; and, if held to be erroneous, it will entitle the party aggrieved thereby to a reversal of the judgment.

FOREIGN INSURANCE COMPANIES.—*Contracts of.*—*Authority to do Business in this State.*—*Auditor of State.*--Where a foreign insurance company, prior to making contracts of insurance in this State, has substantially complied with the provisions of the act of December 21st, 1865, 1 R. S. 1876, p. 594, "regulating foreign insurance companies doing business in this State," etc., the failure or omission of the Auditor of State to furnish the agent

of such company with a certified copy of its act of incorporation, filed by it in his office, as required by such act, will not avoid such contracts, nor prevent a recovery by such company upon promissory notes taken in . consideration therefor.

From the Henry Circuit Court.

*M. E. Forkner* and *D. W. Kinsey*, for appellant.

Howk, J.—In this action, the appellant sued the appellee upon two promissory notes, alleged to have been executed by him to the appellant. Of these notes, one for the sum of forty dollars was dated May 27th, 1873, and the other for the sum of twelve dollars was dated July 28th, 1873, and each of the notes purported to have been given in consideration of a certain policy of insurance, issued by the appellant to the appellee. It was alleged by the appellant, in its complaint, that the said notes were past due and wholly unpaid, and judgment was demanded thereon in the sum of seventy-five dollars.

The appellee answered in three paragraphs, in the first of which he alleged, that he did not execute the notes in suit, and this paragraph was verified by his oath. In the second paragraph of his answer, the appellee alleged, in substance, that, if the note in suit was given at all, it was given in consideration of a policy of insurance against loss by fire, issued to the appellee by the appellant; that, at the time of the contract, the appellant was a foreign corporation, organized and incorporated in the State of Illinois, and under the laws of that State, and was then and since a foreign corporation; that one William A. Macy assumed to act for the appellant, and held himself out as its agent, and as such made the contract for the issuing of said policy, and the making of said note, and that both the contract for the issuing of said policy, and the note in suit, were procured by and through the said William A. Macy, as the appellant's agent; that at that time the said William A. Macy had no certificate of

authority, power of attorney, commission or appointment from the Auditor of this State, nor from the appellant, authorizing him to make a contract of insurance in Henry county, Indiana, nor had he filed any such certificate of authority, power of attorney, commission or appointment, in the office of the clerk of the Henry Circuit Court; and that said contract of insurance was made in Henry county, Indiana. Wherefore the appellant said that the note in suit was void.

It will be observed, that the allegations of this second paragraph of answer are applicable only to one single note, and that they do not indicate which of the two notes in suit the paragraph had reference to. The third paragraph of the answer contained substantially the same allegations of fact as the second paragraph, and is alike indefinite and uncertain in regard to which of the two notes in suit it was intended as a defence. We will, therefore, consider the two paragraphs of answer to be, as they were probably intended, the second paragraph as an answer and defence to the note for forty dollars, and the third paragraph as an answer and defence to the note for twelve dollars.

To these two paragraphs of the appellee's answer, the appellant replied in two paragraphs, in substance, as follows:

1. A general denial; and,

2. That the said William A. Macy acted in the name of and for Coggshall & Dickinson, residents at Richmond, Indiana, in negotiating and soliciting said insurance, who were the agents of the appellant and were duly authorized, according to law, to act as such agents, and who had, before the times of the making of the notes in suit, duly filed in the clerk's office of said Henry county, on the 1st day of January, 1873, and on the 1st day of July, 1873, a certificate of their authority to act for the appellant and acknowledge service of process, as required by law; which

said certificates were filed with and made parts of said reply.

The issues joined were tried by a jury, and, under the instruction of the court, a verdict was returned for the appellee, the defendant below. The appellant's motion for a new trial having been overruled, and its exception entered to this ruling, judgment was rendered by the court on the verdict, against the appellant and in favor of the appellee, for his costs.

The only error assigned by the appellant, in this court, is the decision of the circuit court in overruling its motion for a new trial; and in this motion the only causes assigned for such new trial were as follows:

1. The verdict of the jury was not sustained by the evidence and was contrary to law; and,

2. For error of law occurring at the trial and excepted to, in this, that the court erred in its instruction to the jury trying the cause.

The instruction of the court to the jury, which is complained of by the appellant as erroneous, and which was the only instruction given by the court, was in these words:

" The jury will return a verdict for the defendant."

Did the court err in thus instructing the jury trying this cause, upon the evidence introduced, to return a verdict for the appellee? This is the only question in this case for the decision of this court; and it seems to us that this question must be answered in the affirmative. The appellee has not favored this court with any brief or argument in support of the rulings of the court below; and we are, therefore, wholly dependent upon the exhaustive brief of appellant's counsel, for such information as we have in regard to the grounds of those rulings.

There are cases in which the court before whom the cause may be tried may very properly instruct the jury to return a verdict for the one party or the other, without

usurping in any manner the province of the jury, and simply in the discharge of the court's own duty. Where, as in this case, the validity of the contracts in suit and the plaintiff's right to recover thereon depend, in any degree, upon the legal sufficiency of documentary evidence, it is the peculiar province of the court to determine the sufficiency in law of such evidence; and if the court should be of the opinion that such documentary evidence was not sufficient in law to show the validity of the contracts in suit, and the plaintff's right to recover thereon, the court may properly instruct the jury to return a verdict for the defendant. *Steinmetz* v. *Wingate*, 42 Ind. 574; *Dodge* v. *Gaylord*, 53 Ind. 365; *Moss* v. *The Witness Printing Co.*, 64 Ind. 125. In such a case, the decision of the court, in its construction of such documentary evidence, is a proper subject of review in this court; and, if held to be erroneous, it will entitle the party aggrieved thereby, upon a proper assignment of error, duly saved, to a reversal of the judgment.

On the trial of this cause, the appellant showed by the uncontradicted evidence of William A. Macy, mentioned in the appellee's answers, that in negotiating with the appellee for the insurance of his property, for which the notes in suit were given, the said Macy acted "as a solicitor for the Messrs. Coggshall & Dickinson, and transacted the business for them and in their name." The appellant then gave in evidence the certificates of authority, mentioned in and filed with the appellant's reply to the appellee's answers. These certificates of authority were issued by the Auditor of State of this State, under his hand and the seal of his office, and differed each from the other only in date and in the period of time covered thereby. These certificates authorized Coggshall & Dickinson, as the appellant's agents for said county of Henry, to transact the business of insurance for the appellant, as its agents, at the

times when the contracts of insurance with the appellee, for which his notes in suit in this action were given by him to the appellant, were made and entered into. In each of said certificates, it was certified by the Auditor of State, that the appellant had "fully complied with the provisions of 'An act regulating foreign insurance companies doing business in this State,'" etc., approved December 21st, 1865.

In section 1 of the said act of December 21st, 1865, it is provided "That it shall not be lawful for any agent or agents of any insurance company, incorporated by any other State than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State, without first producing a certificate of authority from the Auditor of State; and before obtaining such certificate, such agent, or agents, shall furnish the said auditor with a statement, under oath, of the president or secretary of the company for which he and they may act, which statement shall show:     *     *     *     *     *

"*Fourteenth.* The act of incorporation of such company."

Near the close of the same section, it is further provided, that "the agent or agents obtaining such certificates shall file the same, together with a certified copy of the statement on which it was obtained, in the office of the clerk of the circuit court of the county in which such agency is established, both of which documents shall be carefully preserved for public inspection by said clerk." 1 R. S. 1876, p. 594.

The record of this cause shows, that both the certificates of authority issued by the Auditor of State to Coggshall & Dickinson, and copies of the statements on which said certificates were obtained, certified by the auditor to be true and correct copies, were duly filed in the office of the clerk of the circuit court of Henry county. Upon their face, however, both of these certified copies

of the statements seem to be imperfect and incomplete in this, that they do not contain certified copies of the appellant's act of incorporation, as the statute evidently contemplates they should.   This imperfection in the copies filed was caused by the act of the Auditor of State, and not by any omission of the appellant or its agent.   This is shown by the certificates of authority issued by the auditor, wherein it is certified that the appellant had furnished such auditor with " a duly authenticated copy of its act of incorporation." We learn from the brief of the appellant's counsel in this court, that, on the trial of this cause, the appellee assumed the position that because the copies of the statement, on file in the clerk's office of the Henry Circuit Court, failed to contain a copy of the appellant's act of incorporation, as they certainly ought to have done under the express terms of the statute, therefore, both the contracts of insurance issued to the appellee in this case, and his notes given in pursuance and in consideration of said contracts, were absolutely illegal and void. It would seem, as no other objection has been pointed out, and none other is manifest, in or to the said copies of statements or said certificates of authority, the circuit court must have sustained the appellee's position on the trial, and had therefore instructed the jury trying this cause to. return a verdict for the appellee, the defendant below.

We can not adopt or approve of a construction of the provisions of the statute, above quoted, which would punish the appellant by avoiding its contracts, for the mere failure or omission of the Auditor of State to furnish the appellant's agents with a certified copy of its act of incorporation, which, it appears, the appellant had furnished to such auditor.   It will be observed that, by the express terms of the statute, the legality, and of course the validity, of a contract of insurance made in this State by the agent or agents of an insurance company incorpo-

rated by any other State than this State, depend solely upon the production by such agent or agents, of " a certificate of authority from the Auditor of State." The record shows that the appellant's agents had produced and filed, in the proper clerk's office, the necessary certificates of authority from the Auditor of State, which authorized them to make the contracts of insurance for which the appellee gave his notes now in suit. The record further shows that the appellant's agents had also filed, in the proper clerk's office, such certified copies of the statements as the Auditor of State had furnished to them, before such contracts of insurance were made and the notes in suit were given. It seems to us that the certificates of authority and certified copies of statements, and the filing of the same in the proper clerk's office, showed a substantial compliance by the appellant and its agents with the requirements of the statute above quoted ; and that, in such a case, we ought not to hold that the contracts of insurance, and the notes now in suit, merely because the Auditor of State had failed to furnish the appellant's agents, as he ought to have done under the statute, with a certified copy of the appellant's act of incorporation, were and are illegal and void.

For the reasons given, we are of the opinion that the court erred in its instruction to the jury to return a verdict for the appellee, and that, for this error of law, the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial. and for further proceedings in accordance with this opinion.