Submitted on Briefs November 20, decided December 3, 1912.

## BIG BASIN LUMBER CO. v. CRATER LAKE CO.

### (127 Pac. 982.)

**Corporations—Actions by Foreign Corporations—Pleading—Compliance With Statutory Requirements.**

1. Sections 6726-6729, L. O. L., requires foreign corporations to file a declaration, to pay certain entrance fees, appoint an attorney in fact, etc. Section 6708 provides that any such corporation which shall have failed to pay the license fee, or any other tax or fee, shall not be permitted to maintain any suit or action; and that while the delinquency continues its right to transact business shall be in abeyance. Section 6709 provides that a plea, if any such corporation has not paid any tax or fee, may be interposed at any time before trial, in any action or proceeding. Held, that compliance with the statute need not be pleaded by such a corporation suing on a contract; and that the objection that it has not complied with the statute must be taken by plea, unless the complaint affirmatively shows noncompliance.

**Corporations— Actions by Foreign Corporations— Pleading— Compliance With Statutory Requirements.**

2. Where the complaint, in an action by a foreign corporation, affirmatively shows noncompliance by it with the requirements of Sections 6726-6729, L. O. L., inclusive, relative to filing a declaration, paying fees, etc., its right to sue may be challenged by demurrer.

From Klamath:    HENRY L. BENSON, Judge.

This is an action by the Big Basin Lumber Company, a corporation, against the Crater Lake Company, a corporation.    The facts are fully stated in the opinion.

AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court.    56 Or. 622 (117 Pac. XI).

For appellant there was a brief over the name of *Mr. J. H. Carnahan.*

For respondent there was a brief over the names of *Mr. H. C. Merryman* and *Messrs. Noland & Crane.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The complaint shows that the plaintiff is a foreign corporation, organized under the laws of the state of California, with an office at Klamath Falls, Oregon, and continues in the usual form for the recovery of the value of building materials sold and delivered at such place. The defendant demurred to the complaint, for the reason that the same did not show that plaintiff had complied with Sections 6726 to 6729, inclusive, of Lord's Oregon Laws. The demurrer was overruled, and, the defendant failing to answer, judgment was entered for want thereof. Under the provisions of the sections referred to, foreign corporations are required to file a certain declaration, pay certain entrance fees, and appoint an attorney in fact, etc. In case of a failure to comply with these requirements, Section 6708, L. O. L., provides that while such delinquency shall continue the right of such delinquent corporation, company, or association to transact business shall be deemed to be in abeyance; and such corporation, joint-stock company, or association shall not be permitted to maintain any suit, action, or proceeding in any court of justice in this State.

According to Section 6709, L. O. L., a plea that any domestic corporation or foreign corporation, joint-stock company, or association has not paid any tax or fee required by any law of this State, and which is then due and payable, may be interposed at any time before trial upon the merits in any action, suit, or proceeding, and if issue be joined upon such plea the same shall be first tried.

It is the contention of counsel for defendant that, regardless of this last section, any default mentioned in Section 6726, L. O. L., may be reached by demurrer.

This section (Section 6726) requires that every foreign corporation shall file the declaration and pay the entrance fees hereinafter provided, and shall duly execute and acknowledge a power of attorney, and cause the same to be recorded in the office of the Secretary of State, appointing some person as attorney in fact for such foreign corporation; and such appointment shall be deemed to authorize and empower such attorney to accept service of process.

Section 6727, L. O. L., directs that such corporation shall file with the Secretary of State a written declaration of its purposes to do business in this State, setting forth its full name, where organized, the name of its attorney in fact, and other data, and pay the sum of $50 for filing and recording the same, together with the annual license fee due for the succeeding fraction of the fiscal year.

These different sections are a part of the act of 1903 (Laws 1903, p. 39). It will be seen that Section 6726 contains a general requirement as to filing the declaration and paying the fees; while the other sections referred to are more specific as to the amount to be paid, and the *modus operandi*. We think it was the intention of the lawmakers that any failure to comply with the provisions of the act should be raised by a plea setting forth the failure in such a manner that issue might be joined

and tried. This position is confirmed by the practice in this State both in the State and federal courts, since the passage of the act. See *Cyclone Mining Co.* v. *Baker* (C. C.) 165 Fed. 996; *La Moine Lbr. & Trading Co.* v. *Kesterson* (C. C.) 171 Fed. 980; *Cunningham* v. *Klamath Lake R. Co.*, 54 Or. 13 (101 Pac. 213, 1099); *Harrison* v. *Birrell*, 58 Or. 410 (115 Pac. 141); *Callender Navigation Co.* v. *Pomeroy*, 61 Or. 343 (122 Pac. 758).

In the last-named case the attempt was made to raise the question of failure to comply with the statute, and to deny plaintiff's right to appear in the courts of this State, without challenging the same in the pleadings. Mr. Justice BURNETT, at page 759 of the opinion said:

"It is plain, however, that the question must be raised by a plea, or Section 6709 would be meaningless."

Counsel for defendant cite and rely upon the case, among others, of *Boston Tow Boat Co.* v. *John H. Sesnon Co.*, 64 Wash. 375 (116 Pac. 1083). It appears, however, that the Washington Laws of 1907, c. 140, § 7, provide that "no corporation shall be permitted to commence or maintain any suit, action or proceeding in any court of this state, without alleging and proving that it has paid its annual license fee last due." In this respect our statute differs from that of the state of Washington, and, we think, it differs from the statutes of other states, where such ruling, as contended for here, prevails. The legislature of this State, by means of Section 6709, has directed the manner of procedure in such cases. The wisdom of such a legislative decree is apparent, when we reflect upon the numerous requirements of the law, rendering it necessary that the omission relied upon be set forth in the pleadings, in order that, if issue is joined upon such plea, the same may be tried. Under our statute we do not consider the cases cited by counsel for defendant in point.

In regard to the effect of the failure of foreign corporations to comply with constitutional or statutory restrictions or conditions, it is said, in 19 Cyc. 1289, "that such compliance will be presumed, in the absence of evidence to the contrary." We therefore hold that it was not incumbent upon the plaintiff to allege a compliance with the act of 1903 in its complaint; and there was no error in overruling the demurrer. 5 Thompson, Corporations (2 ed.) p. 1524; *Illinois Sewing Machine Co.* v. *Harrison,* 43 Colo. 362 (96 Pac. 177) ; *Natural Carbon Paint Co.* v. *Fred Bredel Co.,* 193 Fed. 897 (114 C. C. A. 111).

2. If the complaint had shown affirmatively that there had been a noncompliance with the requirements of the act, it would have been different; and a demurrer would have been a sufficient plea to have challenged the right of plaintiff to bring suit in our courts.

The judgment of the lower court will therefore be affirmed.                                                        AFFIRMED.