Argued September 4, decided September 23, 1913.

## KNIGHT v. BEYERS.*

(134 Pac. 787.)

**Damages—Pleading—Personal Injuries to Wife.**

1. In an action for the malicious conversion of personal property whereby it was claimed plaintiff's wife was made sick, there could be no recovery for such sickness in the absence of an allegation of special damages for the loss of the wife's services; the wife having her own right of action for any sickness or inconvenience caused her.

> [As to action by husband or wife for injuries to the other, see note in 48 Am. Dec. 619.]

**Damages—Instructions—Exemplary Damages.**

2. In an action for malicious conversion of personal property, an instruction that the burden was on plaintiff to establish malice, etc., before any exemplary or punitive damages could be assessed, that these allegations went only to the question as to whether plaintiff should recover damages in excess of those arising out of his ownership of the property and the question of whether damages should be assessed by way of punishment, and that if it was done maliciously plaintiff "would be entitled" to recover something, and that it would be in the jury's discretion as to the amount to be assessed by way of punishment for the malicious act, was erroneous, since, even though the jury may have been justified in giving punitive damages, it was error to charge that it was their duty to do so if the conversion was malicious.

> [As to when exemplary damages may be recovered, see notes in 50 Am. Dec. 767; 28 Am. St. Rep. 870.]

**Appeal and Error—Reversal—Technical Errors.**

3. Under Article VII, Section 3, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), providing that where the whole testi-

---

*This decision should have appeared in 66 Or.—REPORTER.

mony, etc., is attached to the bill of exceptions, if the Supreme Court shall be of opinion that the judgment appealed from was such as should have been rendered, it shall be affirmed, notwithstanding any errors committed, or if the judgment should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered, it shall direct such judgment to be entered, where the judgment in an action for the malicious conversion of personal property was moderate, and the amount of damages was not excessive, but was such as fairly seemed to have followed the conversion, the judgment would not be reversed because of an erroneous instruction that if the act was malicious plaintiff was entitled to punitive damages.

### Appeal and Error—Reversal—Directing Judgment.

4. The intent of Article VII, Section 3, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), providing that where the whole testimony, etc., is attached to the bill of exceptions, if the Supreme Court shall be of the opinion that the judgment appealed from was such as should have been rendered it shall be affirmed, notwithstanding errors, or if the judgment appealed from should be changed, and the Supreme Court can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered, is that no error shall be cause for a reversal if the court has before it sufficient data upon which to retry the case and determine what judgment ought to be rendered upon the law and the facts.

### Jury—Right to Jury Trial—Directing Judgment on Appeal.

5. The provision of Article VII, Section 3, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), authorizing the Supreme Court to affirm judgments notwithstanding errors if of the opinion that the judgment appealed from was such as should have been rendered, or to direct the entry of such judgment as should have been entered if it shall be of opinion that it can determine what judgment should have been entered below, does not render nugatory the further provision of that section that, in actions at law, where the value in controversy exceeds $20, the right of trial by jury shall be preserved, and that no fact tried by a jury shall be otherwise re-examined in any court, since the right of appeal is not a constitutional one, but merely a statutory privilege, and an appellant exercises such privilege subject to such conditions as may be imposed by the Constitution or statutes.

### Appeal and Error—Review—Questions of Fact.

6. Under Article VII, Section 3, of the Constitution, as amended in 1910 (see Laws 1911, p. 7), providing that, if the Supreme Court shall be of the opinion that the judgment of the court appealed from was such as should have been rendered, it shall be affirmed, notwithstanding errors committed, or if in any respect the judgment should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered below, it shall direct such judgment to be entered, the Supreme Court will not retry any fact found by a jury properly impaneled and instructed when there is any evidence to support the verdict.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1.   Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by R. M. Knight against O. H. Beyers to recover damages for the alleged willful and malicious conversion by defendant of certain personal property of plaintiff.   The complaint alleges, in substance, that the defendant, in January, 1911, wrongfully and maliciously entered plaintiff's dwelling-house and wrongfully, unlawfully, and maliciously carried away, of the personal property of plaintiff, beds, bedding, furniture, carpets, and provisions, of the value of $1,000.   It proceeds as follows:

"That by reason of the unlawful taking of said beds and bedding aforesaid, plaintiff and plaintiff's wife and their two small children were compelled to sit up all night, or to sleep on an old, damp, musty mattress on which a death had recently occurred; that said old, damp, musty mattress had lain in the woodshed, and was the only mattress left by defendant on plaintiff's premises; that the night was severely cold, and that there was a heavy fall of snow on the ground, and that said old, damp, musty mattress was cold and damp, and that plaintiff and his family suffered severely from the cold and dampness, and that the wife and one of said small children of plaintiff contracted and suffered from a severe cold which almost prostrated them until far into the spring; that the said wife of plaintiff suffered from a nervous superstition whenever she tried to sleep, or lie on said mattress, and was compelled to sit up practically all night; that by reason of the acts of defendant herein complained of plaintiff has been damaged in the sum of $5,000."

A motion to make the complaint more definite and certain being overruled, defendant answered by a general denial.   On the trial plaintiff, over defendant's objection, was permitted to introduce evidence that, by reason of the defendant having taken away the bed-

ding in the house, plaintiff and his family were compelled to sleep on a damp mattress, by reason whereof his wife did not sleep and contracted a severe cold; and also to submit the same matter to the jury. Among other instructions the court gave the following:

"It would be the duty of the plaintiff to establish by a preponderance of the evidence, as I shall define the same to you, that this act was done maliciously and wantonly as alleged in the complaint, that is, with a wrongful motive, and what is meant by a wrongful motive is to take the property knowing that it was not his, and for the purpose of injuring the plaintiff in the ownership of his property. I say it would be the duty of the plaintiff to establish that by a preponderance of the evidence, before any damages could be assessed in the way of exemplary or punitive damages, and you will understand that these allegations go to the question as to whether or not the plaintiff shall recover damages in excess of those which arise out of the ownership of this property and its value, or injury, by reason of not enjoying this property, and upon the question as to whether you shall assess damages by way of punishment. If it was done maliciously, the plaintiff would be entitled to recover something at your hands, and that would be in your discretion, as to the amount to be assessed by way of punishment to the defendant for his malicious act, and upon that question, as I stated to you, the plaintiff has the burden of proof to establish that by a preponderance of the evidence before any damages of that nature could be assessed. I have stated the facts as they are claimed to be, what the plaintiff and defendants respective claims as to what the evidence tends to show, so that you may be able to apply the law in that particular, and determine what the facts are"— using other language to the same effect.

The plaintiff had a verdict for $167, and defendant appeals.	AFFIRMED.

For appellant there was a brief with oral arguments by *Mr. George Neuner, Jr.,* and *Mr. Oliver P. Coshow.*

For respondent there was a brief over the name of *Messrs. Cardwell & Watson,* with an oral argument by *Mr. William W. Cardwell.*

Opinion by MR. CHIEF JUSTICE McBRIDE. ·

1. In the absence of any allegation of special damages for loss of the wife's services by reason of her sickness, the plaintiff cannot recover. For this sickness and inconvenience, if the wrongful act of defendant caused it, she has her own action against him; and it was error to admit the testimony.

2. The evidence as to the willful and malicious nature of the taking is conflicting, and the jury may have been justified in finding that it was malicious, and in giving punitive damages; but it was error for the court to instruct them as it did, in substance, that in case the taking was malicious it was their duty to give such damages. While the court instructed the jury that the amount of such damages was in their discretion, the purport of the whole instruction was to the effect that in case they found the act to be malicious they must award some amount by way of punishment. This is not the law. The authorities will be found so thoroughly collated in *Fink* v. *Thomas,* 66 W. Va. 487 (66 S. E. 650), as reported in 19 Ann. Cas. 571, and in the notes appended in the latter publication, that further citation of authorities is unnecessary.

3. The court in the case at bar correctly defined punitive damages, and otherwise than in the matters noted the trial was without error. The amount involved is small, and, the whole evidence being before us, we are satisfied therefrom that the judgment

70 Or.—27

against defendant for $167 was very moderate and that this case ought not to be sent back for retrial.

4, 5. Section 3 of Article VII of the Constitution, as amended November 8, 1910, is as follows:

"In actions at law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict. Until otherwise provided by law, upon appeal of any case to the Supreme Court, either party may have attached to the bill of exceptions the whole testimony, the instructions of the court to the jury, and any other matter material to the decision of the appeal. If the Supreme Court shall be of opinion, after consideration of all the matters thus submitted, that the judgment of the court appealed from was such as should have been rendered in the case, such judgment shall be affirmed, notwithstanding any error committed during the trial; or if, in any respect, the judgment appealed from should be changed, and the Supreme Court shall be of opinion that it can determine what judgment should have been entered in the court below, it shall direct such judgment to be entered in the same manner and with like effect as decrees are now entered in equity cases on appeal to the Supreme Court; provided, that nothing in this section shall be construed to authorize the Supreme Court to find the defendant in a criminal case guilty of an offense for which a greater penalty ·is provided than that of which the accused was convicted in the lower court": Laws 1911, p. 7.

It seems appropriate here to define the limits and extent of the jurisdiction of this court under this section, which was evidently adopted with a view to prevent a multiplicity of retrials in the Circuit Court. The plain intent seems to be that no error shall be cause for a reversal if the court with all the testimony before it can determine what judgment ought to be

given. The first question before the appellate court, therefore, is: Was any error of law committed by the lower court? The second, Has this court, with the record and testimony before it, sufficient data upon which to retry the case and determine what judgment ought to be rendered upon the law and the facts? It has frequently been contended that such a course renders nugatory that part of the section which provides that the right of trial by jury shall be preserved; but it should be remembered that appeal to this court is not a constitutional right, being merely a statutory privilege. *State* v. *Security Savings Co.,* 28 Or. 410, (43 Pac. 162); *Catterlin* v. *Bush,* 39 Or. 496 (59 Pac. 706, 65 Pac. 1064); *Sears* v. *Dunbar,* 50 Or. 36 (91 Pac. 145). An appeal being then a statutory privilege and not a constitutional right, an appellant who would otherwise be without remedy must exercise such privilege subject to such conditions as may be imposed by the Constitution or statutes. The provision of the Constitution above quoted says, in effect, to a dissatisfied litigant: "You may appeal, but you take this privilege subject to the power of the appellate court to retry your case and render any judgment it sees fit." It will be observed that this right is given in the broadest terms and with only one limitation, namely, that the appellate court may not find the defendant in a criminal case guilty of an offense for which a greater penalty is prescribed than that of which the accused was convicted in the lower court. This exception proves the rule and indicates the intent of the law-making power, in this instance the people, to invest this court with power, if in its judgment such course seems proper, to retry cases erroneously tried in the court below.

6. Many instances have occurred and others, doubtless, will occur, when a trial by a jury may seem more likely to promote justice than a trial upon the record presented to this court; but this, in our judgment, is not such a case. This statement of our views must be taken with the explanation that we cannot undertake to retry any fact found by a jury properly impaneled and instructed when there is any evidence to support its verdict.

Being satisfied from the testimony that the amount of damages found by the jury was not excessive, and was such as fairly seems to have followed defendant's unlawful conversion of plaintiff's property, the judgment is affirmed.                    AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE RAMSEY concur.