Argued October 27, reversed November 24, rehearing denied December 31, 1914.

# HARTFORD INS. CO. *v.* CENTRAL R. R. OF OREGON.

## (144 Pac. 417.)

**Railroads—Fires—Pleading and Proof—Number of Engine.**

1. That the locomotive alleged to have set a fire at a certain time is not shown to have had the number alleged in the complaint does not prevent recovery.

**Railroads—Fires—Evidence of Other Fires.**

2. Evidence of other fires seasonably following in the wake of an engine from whose stack sparks were being emitted is admissible in an action for a fire set by the engine.

**Railroads—Fires—Contributory Negligence.**

3. That a railroad company may relieve itself, on the ground of contributory negligence, of liability for fire set by a locomotive through its negligence, it must show the fire would not have occurred if the owner of the property had taken such precautions as his observation and experience had taught him to be necessary.

**Negligence—Province of Court and Jury.**

4. The question of negligence is for the court only when the facts are undisputed, or but one inference can be drawn from the evidence; otherwise it is for the jury.

**Railroads—Fires—Contributory Negligence—Question for Jury.**

5. Evidence, in an action for fire communicated to plaintiff's property from one set by defendant's locomotive, *held* to make a question for the jury whether the owner of property was guilty of contributory negligence.

**Negligence—Proximate Cause—Question for Jury.**

6. Where the proximate cause is questionable, the case must be submitted to the jury.

**Railroads—Fires—Proximate Cause—Question for Jury.**

7. Whether the negligence of defendant, whereby sparks from its locomotive set fire to a dryer, was the proximate cause of the burning of plaintiff's barn, a quarter of a mile farther, but in the same direction, from the railroad, the weather being dry, the wind high, and in the direction of the buildings from the railroad, and the fire being communicated from the dryer to the barn by the force of atmospheric agencies, is a question for the jury.

**Corporations—Actions Against—Proving Incorporation.**

8. Plaintiff need not prove incorporation of defendant, sued as a corporation; defendant having admitted its being by a counter attack on plaintiff.

Corporations—Actions—Raising Issue of Incorporation.

9. The issue of incorporation of one suing as a corporation may be raised by denial in the answer; Section 6709, L. O. L., requiring the question of a corporation having paid a fee, and so being entitled to do business, to be raised by plea in abatement, having no application.

Corporations—Actions—Proving Incorporation.

10. The incorporation of plaintiff, alleged in the complaint, being denied by the answer, is a material averment, which plaintiff must prove.

Appeal and Error—Review—Evidence—Assumption of Existence.

11. The Supreme Court, when sitting as tryer of fact, is governed by the same rules of evidence controlling below; so that, there being no evidence in the record on the material issue of the incorporation of plaintiff, it cannot be supplied by assuming that it existed, but by accident or neglect was not produced on the trial.

> [As to liability of railroad companies for fires, see notes in 38 Am. Dec. 70; 78 Am. Dec. 185; 6 Am. Rep. 597; Ann. Cas. 1912C, 703. As to presumption of negligence arising from communication of fire by railroad engine, see note in Ann. Cas. 1913E, 971. As to contributory negligence as defense in action against railroad for causing fire, see note in Ann. Cas. 1914D, 934. As to admissibility of evidence of speed of train in such action, see note in Ann. Cas. 1915A, 990.]

From Union: JOHN W. KNOWLES, Judge.

This is an action by the Hartford Fire Insurance Company, a corporation, and H. J. Neilson against the Central Railroad of Oregon, a corporation, to recover damages for the loss of a building by fire caused by sparks from an engine operated by the railroad company. From a judgment in favor of plaintiff, defendant appeals.    REVERSED.    REHEARING DENIED.

For appellant there was a brief over the names of *Messrs. Cochran & Eberhard* and *Mr. Lewis Z. Terrall,* with an oral argument by *Mr. George T. Cochran.*

For respondents there was a brief and an oral argument by *Mr. R. J. Kitchen.*

In Banc.    MR. JUSTICE McNARY delivered the opinion of the court.

Having been subrogated to the rights of the owner of a barn by reason of a contract of insurance, plaintiff

brings this action to recover damages for the destruction of the building caused by an emission of sparks from an engine operated by defendant. It is sufficient to say that a verdict for $500 was returned in favor of plaintiff. The fire occurred on April 11, 1913. The property destroyed was a barn located about one fourth of a mile north of the defendant's track. But a measure of time prior to the burning of the barn, a fruit dryer which stood close by the railway track was destroyed by a fire avowed to have occurred on account of sparks escaping through an imperfect spark-arrester used by defendant on one of its engines and thence communicated to the barn by the force of atmospheric agencies. Answering, defendant pleaded a general denial and a separate defense alleging matter calculated to charge the owner of the barn with contributory negligence in making no effort to prevent the spread of the fire from the dryer to the barn.

1, 2. In its pleading, plaintiff identified the engine productive of the fire as "No. 12 with cars attached." Upon the investigation of the issues before the jury, plaintiff's witnesses failed to identify the engine with that particularity of detail set forth in the pleading, and for that account error is assigned in the court's refusal to sustain defendant's objection to evidence of other fires having been started by the engine in question. The attack involves the following testimony, given by a witness called by plaintiff:

"Q. Did you, on this morning of the 11th of April, notice an engine of the Central Railroad of Oregon, as it passed there?

"A. Yes, I noticed them pass.

"Q. I will ask you to state if you noticed the size of the cinders or coals that were emitted from this engine.

"A. Do you mean this particular morning?

"Q. Well, that morning, or any morning we will say, within 60 days previous to the fire or 60 days after the fire.

"A. Yes, I have noticed some fire flying from this engine.

"Q. Show the jury about how large or about the size of the sparks or cinders emitted from that engine as it passed there.

"A. Well, I am not positive about that. I could not say whether these coals that I have seen recently came from this engine. I didn't say the coals came right from the engine and fell on the ground and then designated them as coals coming from the engine. I did not try to be as positive as that. * * This fire occurred about five minutes after the train passed."

The testifier further added that he had observed other fires originating along the railroad track before and after the fire and shortly after the defendant's railroad engine had passed over its track in the vicinity of the barn. A consideration of the evidence satisfies us that the witness properly identified the engine emitting the sparks as the one described in plaintiff's complaint. In any event, the defendant's liability will not be softened or absolved, nor the testimony rendered incompetent, if the sparks were emitted by some engine other than the one particularized in the pleadings. The question therefore is whether the proximate cause of the fire was due to the manner in which the engine was operated, or the diligence exercised in providing the engine with devices best calculated to prevent the escape of the agencies of ignition. The propriety of testimony having for its office the proof of other fires seasonably following in the wake of an engine from whose stack sparks were being emitted has been before this court and settled in favor of the admission of testimony of that character: *La Salle* v. *Central R. R. of Oregon*, 73 Or. 203 (144 Pac. 414), and cases cited.

Plaintiff resting, defendant moved the court for an order of nonsuit upon these grounds: (1) That the incorporations of plaintiff and of defendant had not been proved; (2) that the act of the defendant was not the proximate cause of the fire; (3) that plaintiff was guilty of contributory negligence. The court declined to heed the motion; therefore error is assigned.

3-5. Naturally, by this defense, the defendant hopes to fasten upon the insured the consequences of any failure upon his part to observe those precautions which the circumstances surrounding the fire would suggest. Primarily the defendant is liable for its own negligence, and its only exit from liability on the ground of contributory negligence of the sufferer is by showing that the fire would not have occurred if the owner had taken such precautions as his observation and experience had taught him to be necessary. Therefore the insured is liable only for the proper use of his own faculties: *Baltimore etc. R. Co.* v. *Cumberland,* 176 U. S. 232 (44 L. Ed. 447, 20 Sup. Ct. Rep. 380); *Union Pacific Ry. Co.* v. *McDonald,* 152 U. S. 262 (38 L. Ed. 434, 14 Sup. Ct. Rep. 619); 19 Cyc. 831. Almost universally the courts have held that the question of negligence is one of fact and not of law where more than one inference can be drawn from the evidence. When the facts are undisputed, it is a question of law; where the evidence conflicts, a question for the jury. Reference is made, for an illustrative case, to *Greenwood* v. *Eastern Oregon Power Co.,* 67 Or. 433 (136 Pac. 336). A digest of the evidence warrants the statement that the owner of the barn left his home immediately when he observed the fire in the dryer and aided in its extinction; that upon his return to the house he heard a neighboring lady scream, "Fire!" when he saw his barn in flames; that he then ran to

the barn and removed the articles stored therein. From the plaintiff's conduct, the trial court could not say as a matter of law that the plaintiff did not exercise those precautions which experience has taught to be necessary under the circumstances of the transaction. The jury alone could judge.

6, 7. Was the act of the defendant the proximate cause of the fire? Counsel for defendant says, "No." With assurance it may be said the evidence shows that on the day of the fire a robust south wind was blowing across the railroad track in the direction of the prune dryer and the barn, which was located about a quarter of a mile distant therefrom; that the weather was exceedingly dry and had been for a period of time; and that nothing interposed between the dryer and the barn to prevent sparks and flames of fire from being carried from the burning dryer to the barn. Counsel argues that the distance between the dryer and the barn "was certainly far enough, so that as a matter of law the court can say that the damages caused by the burning of the barn were too remote"; and that the setting of fire to the dryer by sparks from the engine was not the proximate cause of the burning of the barn. We think this proposition merits but our brief attention. Well settled is the doctrine that a wrongdoer is liable for the injury which resulted as the natural and probable consequence of his wrongful act of which he should have foreseen in the ray of the surrounding circumstances. Many times this court has said that, where the proximate cause is questionable, the case must be submitted to the jury: *Manning* v. *Portland Shipbuilding Co.,* 52 Or. 101 (96 Pac. 545); *Elliff* v. *Oregon R. & N. Co.,* 53 Or. 66 (99 Pac. 76); *Palmer* v. *Portland Ry., L. & P. Co.,* 56 Or. 262 (108 Pac. 211); *Gynther* v. *Brown & McCabe,* 67 Or. 318 (134 Pac. 1186). From the evi-

dence given by the witnesses, it was the province of the jury to determine whether there was an unbroken connection between the wrongful act of defendant and injuries sustained by the insured. The same condition surrounded the case of *Taffe* v. *Oregon R. & N. Co.,* 60 Or. 182 (117 Pac. 990), and prompted Mr. Justice McBRIDE to say:

"The weather was very dry and the wind high, and, as plaintiff's witnesses contend, was blowing directly from defendant's engine toward plaintiff's buildings. A jury might well conclude that under such circumstances it was the duty of the defendant's servants to observe such surroundings."

8–10. Lastly, the motion for an order of nonsuit is placed upon the ground that the incorporation of the parties litigant has not been proved. It is a strain upon legal sobriety for defendant, upon the one hand, to assume its existence for the purpose of thwarting the action, and, on the other, to deny its existence when being sued. Certainly defendant has no legal right to assume its entity for one purpose and deny it for another, and having admitted its being by a counter attack upon plaintiff rendered it unnecessary for plaintiff to offer proof of defendant's incorporation. A serious question does arise with respect to plaintiff's failure to prove its corporate existence when denied by defendant, for thereby that issue became one of the essential elements in the case. Counsel for plaintiff argues that defendant cannot be heard to grieve because the matter was not raised by a plea in abatement: *Hirschfeld* v. *McCullagh,* 64 Or. 506–508, 516 (127 Pac. 541, 130 Pac. 1131) ; *Big Basin Lumber Co.* v. *Crater Lake Co.,* 63 Or. 360, 362, 363 (127 Pac. 982) ; *Callender Navigation Co.* v. *Pomeroy,* 61 Or. 343 (122 Pac. 758). These cases are not applicable to the cir-

cumstances here involved, for the question here directly in issue concerns the incorporation or existence of plaintiff, and not its legal right to transact business. When the latter element is contested, then by force of Section 6709, L. O. L., it is necessary for defendant to raise the question by a plea in abatement. The circumstances here disclosed fall under the doctrine announced by Mr. Chief Justice MOORE in *Goodale Lumber Co.* v. *Shaw,* 41 Or. 544 (69 Pac. 548), wherein the learned justice said:

"The complaint having alleged that plaintiff is a corporation organized and existing by virtue of the laws of the State of Oregon, and this averment being denied in the answer, the burden was imposed upon it to prove the fact thus in issue. The neglect to show that one half of the capital stock had been taken, or a board of directors elected, was a failure to prove that plaintiff had ever been organized as a *de jure* corporation; and, as it could transact no business in that capacity until thus constituted (*Holladay* v. *Elliott,* 8 Or. 84), there was an omission to prove a material averment of the complaint."

11. This question is asked: Can the appellate court make final disposition of the case, thus avoiding the annoyance and expense of a retrial. We should like to do so. This situation again invites our consideration of Article VII, Section 3, of the Constitution, Laws of 1911, page 7:

"In actions at law, where the value in controversy shall exceed $20, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there was no evidence to support the verdict."

This constitutional provision has been construed by this court in several cases: *Knight* v. *Beyers,* 70 Or.

413 (134 Pac. 787) ; *Wasiljeff* v. *Hawley Paper Co.,* 68 Or. 487 (137 Pac. 755) ; *Woods* v. *Wikstrom,* 67 Or. 581 (135 Pac. 192) ; *Sigel* v. *Portland Ry., L. & P. Co.,* 67 Or. 285 (135 Pac. 866) ; *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641) ; *Forrest* v. *Portland Ry., L. & P. Co.,* 64 Or. 240 (129 Pac. 1048) ; *State* v. *Rader,* 62 Or. 37 (124 Pac. 195.) Indubitably, under this provision of the Constitution, it is within the power of this tribunal to disregard errors occurring upon the trial and retry the case upon the evidence accompanying the bill of exceptions, and, in the event it appears from the evidence embraced therein that the judgment rendered was such in kind and character as should have been rendered in any event, we are authorized to affirm the judgment or modify it in such particulars as the evidence would deem to warrant. However, when sitting as triers of fact, the court must be governed by the same rules of evidence that control the trial of the case before the jury sitting in the trial court, and, if the record is barren of evidence upon some material issue formed by the pleadings, we cannot supply the hiatus by assuming that such evidence exists, but by accident or negligence was not produced upon the trial, and inasmuch as plaintiff here asserts, and defendant here denies, the corporate existence of plaintiff, and no evidence was offered touching the issue, we cannot indulge the omission, however much we may feel inclined to do so, and for that reason alone the case must be reversed. The appeal presents other assignments of error with respect to certain instructions given and withheld by the court, but on account of this case growing out of the same fire forming the foundation of the action in the case of *La Salle* v. *Central R. R. of Oregon,* 73 Or.

203 (144 Pac. 414), the several assignments fall within the decision of that case and will not be retouched.

Reversed and remanded for a new trial.

REVERSED AND REMANDED.    REHEARING DENIED.