Argued at Pendleton October 26, reversed and remanded December 8, 1925.

# McINTOSH LIVESTOCK CO. *v.* LEO BUFFINGTON.

(241 Pac. 393.)

**Corporations—Where Plaintiff Pleaded Its Incorporation, Defendant's General Denial Put in Issue Plaintiff's Corporate Entity.**

1. Where plaintiff in replevin, a foreign corporation, alleged its corporate existence, defendant's general denial put in issue such plaintiff's alleged corporate entity; this being a matter in bar and essential part of plaintiff's *prima facie* case.

**Corporations—Noncompliance by Foreign Corporation With Laws of State, a Defense in Nature of Plea in Abatement and must be Strictly Construed and Pleaded With Particularity.**

2. Noncompliance by foreign corporation with laws of state is a defense in nature of plea in abatement and must be strictly construed and pleaded with particularity.

**Pleading—Plea in Abatement Strictly Construed, and Conclusions of Law cannot be Pleaded.**

3. A plea in abatement is strictly construed, and it is not permissible to plead conclusions of law.

**Corporations—Foreign Corporation Need not Plead Compliance With State Laws, and Such Allegation, Even Though Generally Denied, Treated as Surplusage.**

4. Where foreign corporation alleged in replevin suit its compliance with all laws of State of Oregon, *held*, that defendant's entry of general denial did not raise thereby the issue of plaintiff's compliance with state law, such compliance being presumed in absence of evidence to contrary; and burden was not on foreign corporation to prove such compliance, even though alleged, such allegations being treated as surplusage.

**Pleading—Where Case Heard on Merits, Defendant Deemed to have Waived All Matters in Abatement.**

5. In replevin action by foreign corporation against defendant, assuming that issue of plaintiff's compliance with statutory laws of state, relative to foreign corporation, was raised, such matter in abatement was deemed waived when case was heard on merits for, though plea in abatement may be joined with plea in bar under Section 74, Or. L., under Section 6886 such preliminary matters must be tried prior to case on merits.

**Corporations—Defendant Could not Deny Plaintiff's Corporate Entity and at Same Time Recognize Its Existence by Asking Judgment Against It.**

6. In replevin action by foreign corporation against defendant, defendant could not deny plaintiff's corporate legal entity and at

same time recognize its existence by asking judgment against it for damages.

## Corporations—Requirements for Transaction of Business by Foreign Corporation in State, Stated.

7. Before transacting business in Oregon, a foreign corporation must file its declaration reciting certain things as provided in Section 6909, Or. L., as amended by Laws of 1923, page 342, pay license fee, execute and acknowledge power of attorney, and record same in office of corporation commissioner, and accompany declaration with certified copy of articles of incorporation, and when this is complied with substantially, corporation commissioner is authorized to issue a certificate which is by virtue of Section 6910, Or. L., as amended by Laws of 1923, page 342, *prima facie* evidence of legal existence of such foreign corporation and its right to do business in Oregon.

## Corporations—Presumed That Corporation Commissioner Performed Official Duties in Issuing Certificate to Foreign Corporation.

8. In replevin action by foreign corporation, it is presumed that corporation commissioner performed his official duties in issuing certificate to plaintiff, pursuant to Section 6910, Or. L., as amended by Laws of 1923, page 342, and that he would not have issued such certificate without being convinced of plaintiff's compliance with law; certificate being admissible as *prima facie* evidence of plaintiff's corporate existence.

## Corporations — Certificate Issued by Corporation Commissioner to Foreign Corporation Admissible as Prima Facie Evidence of Plaintiff's Corporate Existence, Though Defective in Form.

9. In replevin action by foreign corporation, a certificate issued to plaintiff by corporation commissioner pursuant to Section 6910, Or. L., as amended by Laws of 1923, page 342, was admissible in evidence as *prima facie* evidence of plaintiff's corporate existence, though defective in form, for plaintiff could not be penalized for corporation commissioner's noncompliance with the law.

## Corporations—Provision of Statute Requiring That Certificate by Corporation Commissioner to Foreign Corporation must Recite in Substance Certain Things Liberally Construed.

10. Section 6910, Or. L., as amended by Laws of 1923, page 342, providing for the issuance of a certificate by the corporation commissioner to foreign corporation, is to receive liberal rather than technical construction, relative to the recital of required matters therein, in view of fact that the statute provides that certificate must recite "in substance" such matters.

## Corporations — Certificate Issued by Corporation Commissioner to Foreign Corporation Held to Substantially Comply with Statute and Admissible as Prima Facie Evidence of Plaintiff's Corporate Existence.

11. In replevin action by foreign corporation, *held*, that certificate issued by corporation commissioner to plaintiff, pursuant to Section 6910, Or. L., as amended by Laws of 1923, page 342, substantially complied with statute as to recital of such corporation's

compliance with laws of state and was admissible in evidence as *prima facie* evidence of its corporate existence.

**Corporations—Certificate by Secretary of Domiciliary State as to Corporation's Dissolution Incompetent as Mere Conclusion of Law Gathered from Inspection of Public Record.**

12. In replevin action, where plaintiff's corporate existence was in issue, certificate from Secretary of State, wherein plaintiff corporation was domiciled, to the effect that plaintiff corporation remained in good standing until certain date on which date its charter was forfeited, *held* inadmissible, being a mere conclusion of law gathered from an inspection of public records and incompetent.

**Evidence—Supreme Court will not Take Judicial Notice of Statutes of Sister State, and Defendant Relying Thereon must Plead and Prove Same.**

13. Supreme Court of Oregon will not take judicial notice of statutes of sister state, and defendant desiring to rely thereon must plead and prove the same.

**Corporations — Question of Corporation's Dissolution not in Issue Unless Pleaded.**

14. In action of replevin by foreign corporation against defendant, where plaintiff's corporate entity was in issue, question of its dissolution was not in issue unless it was raised by the pleadings, and hence admission of certificate of Secretary of State tending to show such dissolution was error.

---

Corporations, 14a **C. J.**, p. 825, n. 30, p. 1205, n. 22 New, p. 1256, n. 71, 72, p. 1258, n. 77, p. 1261, n. 90, 91, p. 1358, n. 78, p. 1359, n. 79, p. 1362, n. 91, p. 1363, n. 92, p. 1365, n. 16, 98 New, p. 1366, n. 28, p. 1367 n. 50 New.

Evidence, 22 **C. J.**, p. 133, n. 30, 31, p. 137, n. 80, p. 838, n. 89, 90.

Pleading 31 **Cyc.**, p. 50, n. 69, p. 143, n. 73, p. 179, n. 12, 16, p. 185, n. 5 New, p. 186, n. 22, 25, p. 202, n. 24, p. 673, n. 18.

Statutes, 36 **Cyc.**, p. 1240, n. 81, p. 1252, n. 94, 96.

From Malheur: DALTON BIGGS, Judge.

In Banc.

This action was commenced on June 1, 1922, by plaintiff, a foreign corporation, to recover possession of certain sheep. On a former appeal judgment for defendant was reversed on account of erroneous instructions given (108 Or. 358, 217 Pac. 635). The complaint, in addition to the usual allegations in replevin actions, alleged that "the plaintiff is a cor-

poration organized under the laws of the State of
Idaho, and has complied with all of the laws of the
State of Oregon relative to foreign corporations, and
is entitled to maintain any action or suit in any
court in the State of Oregon.'' Defendant, after a
general denial, affirmatively alleged ownership and
right to possession of the property in question. Ver-
dict was returned in favor of plaintiff and judgment
entered accordingly. On motion of defendant the
verdict and judgment were set aside, and a new trial
ordered. Plaintiff appeals from the order granting a
new trial.                REVERSED AND REMANDED.

For appellant there was a brief over the name of
*Mr. Eugene Brassie,* with an oral argument by *Mr.
R. W. Swagler.*

For respondent there was a brief and oral argu-
ments by *Mr. P. J. Gallagher* and *Mr. Bruce R.
Kester.*

BELT, J.—Defendant contended, in substance, in
the lower court, as here, that error was committed
in submitting the cause to the jury for the reasons:
(1) Plaintiff had failed to prove its corporate exis-
tence in the state of its domicile; (2) that it was
not qualified to transact business in this state or to
maintain this action; (3) that the certificate of the
corporation commissioner of Oregon was inadmis-
sible and it was improper to instruct the jury that
no evidence was introduced to overcome the legal
effect thereof.

The order granting a new trial does not assign any
reason therefor, but we take it from the briefs that
the lower court on reconsideration reached the con-

clusion that the certificate mentioned did not meet certain statutory requirements, and therefore was not admissible as *prima facie* evidence of the plaintiff's corporate existence or of its right to transact business in this state.

1–4. Let us first consider what is at issue under the pleadings. It is certain in this jurisdiction that the general denial put in issue plaintiff's alleged corporate entity. This was a matter in bar and was an essential part of plaintiff's *prima facie* case: *Hartford Ins. Co.* v. *Central R. R.,* 74 Or. 144 (144 Pac. 417). We are more concerned whether the pleadings raised the question as to the right of plaintiff to transact business or to maintain an action here. In *Big Basin Lumber Co.* v. *Crater Lake Co.,* 63 Or. 359 (127 Pac. 982), it was held—in keeping with the decided weight of authority—that it was not incumbent on plaintiff to allege or prove compliance with the statute, as such was presumed in the absence of evidence to the contrary. In 5 Thompson on Corporations (2 ed.), Section 6730, it is said:

"The rule of law is, that ordinarily the failure of a foreign corporation to comply with the local statute is a matter which must be pleaded as an affirmative defense in an action by such foreign corporation. If the failure of the suing foreign corporation to comply with the statute is not properly raised by pleading, it is waived. The question of noncompliance by a foreign corporation is not put in issue by a general denial."

Also see 12 R. C. L. 101; 14a C. J., 1358; Fletcher, Cyc. Corp., § 5998. Failure to comply with statutory restrictions or conditions relative to the right of foreign corporations to maintain actions or suits in this state is a defense in the nature of a plea in abatement: *Hartford Ins. Co.* v. *Central R. R., supra;*

*Big Basin Lumber Co.* v. *Crater Lake Co., supra; Shipman* v. *Portland Construction Co.,* 64 Or. 1 (128 Pac. 989).

A plea in abatement is strictly construed. It will not do to plead conclusions of law. The pleader must point out with particularity wherein a foreign corporation has not complied with the statutory requirements: *Shipman* v. *Portland Construction Co., supra;* Fletcher, Cyc. Corp., § 5998, and cases cited. The allegations in the complaint relative to compliance with the laws of this state were pure conclusions upon which no issue of fact could be joined. If the same allegations had been made by defendant, the pleading certainly could not be considered as having met the strict requirements of a plea in abatement. While there is authority to the contrary, we are in accord with the law thus stated in 14a C. J. 1365:

"The rule obtaining in most jurisdictions is that, where it is not necessary for a foreign corporation to allege compliance with the statutory requirements, the burden is not upon it to prove compliance even though the fact has been alleged by it and denied by defendant, the allegation in such case being treated as surplusage."

In *Hanson* v. *Lindstrom,* 15 N. D. 584 (108 N. W. 798), a motion for new trial was made, in which it was claimed there was no evidence to show that the plaintiff, a foreign corporation, was authorized to do business in the State of North Dakota. The court said:

"There is no merit in the contention It is presumed that all persons comply with all the laws. Until noncompliance is alleged and shown, the presumption prevails. This question was recently decided by this court, and defendant's contention denied. *State* v. *Robb-Lawrence Co.,* 14 N. D. 55 (106

N. W. 406).   The fact that the complaint alleged that the Advance Company is a foreign corporation does not change the rule.   The allegation is treated as surplusage.   *Kinney* v. *Yeoman,* 15 N. D. 21 (106 N. W. 44).''

We are of opinion that the question of plaintiff's alleged failure to comply with the laws of this state authorizing it to transact business or to maintain suits or actions here was not an issue before the court under the pleadings.

5. Assuming, but not deciding, that the question was at issue, it might well be contended that, the cause having been heard on its merits, the defendant is deemed to have waived all matters in abatement. Section 6886, Or. L., provides:

"A plea that any * * foreign corporation * * has not paid any tax or fee required by any law of this state, and which is then due and payable, may be interposed at any time before trial upon the merits in any action, suit, or proceeding, and if issue be joined upon such plea, the same shall be first tried. * * ''

A plea in abatement—assuming such exists herein —may be joined with a plea in bar (Section 74, Or. L.), but such preliminary matters ordinarily must be tried separately and prior to hearing on the merits; otherwise, they are deemed to have been waived.   It is obvious if plaintiff did not have capacity to maintain the action, it would have been an idle procedure to have heard evidence on the merits of the cause.

6. Having eliminated from our consideration the question of the legal right of plaintiff to transact business and to maintain an action in the courts of this state, we next proceed to the inquiry as to whether plaintiff proved its corporate existence.   In considering this phase of the case we have the anom-

alous situation of the defendant denying plaintiff's corporate existence and of its right to transact business, and yet demanding damages against it for wrongful detention of the sheep. Can defendant in one breath deny plaintiff's legal entity and in the next recognize its existence by asking judgment against it?

Over defendant's objection a certified copy of plaintiff's articles of incorporation, attested by the Secretary of State of Idaho in 1922, was received in evidence. Plaintiff also introduced in evidence, over defendant's objection, the following certificate of the corporation commissioner of Oregon:

"State of Oregon.
"Corporation Department.
"I, W. E. Crews, Corporation Commissioner and Custodian of the Seal of the Corporation Department of the State of Oregon, do hereby certify:

"That on the 31st day of May, 1922, McIntosh Livestock Company, a corporation organized and formed under and by virtue of the laws of the State of Idaho, filed its Declaration of purpose to engage in business in the State of Oregon with the office of the Corporation Commissioner of the State of Oregon and paid a declaration fee and annual license fee to June 30, 1922; and

"I further certify that McIntosh Livestock Company has filed all annual reports up to and including June 30, 1924, and has paid all annual license fees up to and including June 30, 1925, as required by the statutes of the State of Oregon.

"In Testimony Whereof, I have hereunto set my hand and affixed thereto the seal of the Corporation Department of the State of Oregon.

"Done at the Capitol, at Salem, Oregon, this 2nd day of September, 1924.

"(Seal)                    W. E. Crews,
                    "Corporation Commissioner."

7–11. Before transacting business in this state a foreign corporation must: (1) File its declaration reciting certain things as provided in Section 6909, Or. L., as amended by General Laws of Oregon for 1923, Chapter 244; (2) pay license fee; (3) execute and acknowledge power of attorney and record same in the office of the corporation commissioner; and (4) accompany the declaration with a certified copy of the articles of incorporation. When the corporation commissioner is satisfied that there has been a substantial compliance with the statute in the above particulars, he is authorized to issue a certificate, which, by virtue of Section 6910, as amended by Chapter 244, General Laws of Oregon of 1923, is *prima facie* evidence of the legal existence of such foreign corporation and of its right to transact business in Oregon. It is true that the certificate under consideration fails to recite all of the things required by the statute, but we think it should not be rejected for that reason. It is presumed that the corporation commissioner performed his official duty, and would not have issued this certificate without having been convinced that the plaintiff had complied with the law: *Gutzeil* v. *Pennie,* 95 Cal. 598 (30 Pac. 836). If the certificate be regarded as defective in form, the plaintiff should not thereby be penalized on account of the failure of the officer issuing it to comply strictly with the law: *American Ins. Co. of Chicago* v. *Butler,* 70 Ind. 1; 12 R. C. L. 88. The fact that the statute provides the certificate must recite ''in substance'' certain things justifies a liberal rather than a technical construction. We think the certificate is in substantial compliance with the statute and that it was therefore admissible as *prima facie* evidence of plaintiff's corporate existence.

12. To show the dissolution of the corporation defendant introduced in evidence, over plaintiff's objection, the following certificate:

"State of Idaho, Department of State.

"I, F. A. Jeter, Secretary of the State of Idaho, and legal custodian of the records pertaining to the qualification of corporations to transact business in the State of Idaho, do hereby certify that

"McIntosh Livestock Company filed Articles of Incorporation in this office on December 22, 1920, and remained in good standing from that date until December 1, 1922, on which date its charter was forfeited because of its failure to pay the annual license tax.

"In Testimony Whereof, I have hereunto set my hand and affixed the Great Seal of the State. Done at Boise, the Capitol of Idaho, this second day of September, A. D. 1924.

"(Seal)                    J. A. Jeter,
                    "Secretary of State."

We know of no statute giving the above certificate evidentiary value. It is certainly not admissible under any rule of documentary evidence. A recital that the corporation remained in good standing until a certain date is a conclusion. If the person making such certificate had appeared in person, he could not properly have so testified. If the charter had been forfeited, there was a proper way of proving that fact. The law as stated in 22 C. J., Section 980, is particularly applicable:

"To prove a fact of record without the production of the record itself, a duly authenticated copy of the record, or so much thereof as relates to the fact in question, is required. A certificate by a public officer having the lawful custody of public records as to any fact appearing on the records of his office or as to any conclusion he may draw from an inspec-

tion of the records is not competent evidence, unless made so by statute''—citing numerous authorities, among which is *Northern Pac. Terminal Co.* v. *City of Portland*, 14 Or. 24 (13 Pac. 705, 708).

Judge Sanborn, considering a similar question in *U. S. Slicing Machine Co.* v. *Wolf, Sayer & Heller, Inc.*, 243 Fed. 413, says:

''The general governing rule is that the official certification of a fact drawn or gathered from a public record is mere legal conclusion, or the opinion of the certifying officer, and so not admissible as evidence. He should copy the record *verbatim,* certifying that he has done so, and that the copy is an accurate transcript of the original.''

13, 14. Furthermore, this court does not take judicial notice of the statutes of a sister state, and, if defendant desired to rely thereon, it was incumbent upon him to aver and prove the same: *Levine* v. *Levine*, 95 Or. 94 (187 Pac. 609); *DeVall* v. *DeVall*, 57 Or. 128 (109 Pac. 755, 110 Pac. 705); *Scott* v. *Ford*, 52 Or. 288 (97 Pac. 99). We think the question of the dissolution of the corporation was not before the court under the pleadings or proof. In 7 R. C. L. 702, we find:

''The dissolution of a corporation is a matter of law, arising from facts, and the facts that lead to the legal conclusion that the corporation is dissolved or has ceased to exist must be averred in the plea.''

When plaintiff established its corporate entity, it would have been proper for defendant to have shown its dissolution had that defense been pleaded. The court committed error in admitting the certificate of the Secretary of State of Idaho.

We conclude relative to the plea of *nul tiel* corporation that plaintiff made a *prima facie* case, and

there was no evidence to overcome it. It follows that the order of the trial court setting aside the verdict and judgment in this action must be reversed and the cause remanded, with directions to re-enter the judgment in favor of plaintiff.

Reversed and Remanded, With Directions.