THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE ROCHESTER TELEPHONE COMPANY, Appellant and Respondent, *v.* GEORGE E. PRIEST et al., Constituting the State Board of Tax Commissioners, Respondents.

In the Matter of the Application of CHARLES F. POND et al., as Assessors of the City of Rochester, Respondents and Appellants.

TAX — CERTIORARI TO REVIEW SPECIAL FRANCHISE ASSESSMENT BY STATE BOARD OF ASSESSORS — LOCAL ASSESSORS CRITICIZED IN PETITION NOT ENTITLED TO INTERVENE. The Supreme Court has no power to amend an order granting a writ of certiorari under the Tax Law (L. 1896, ch. 908, § 250; L. 1899, ch. 712, § 45) to review an assessment of a special franchise by the state board of tax commissioners, so as to direct that it shall run to the local assessors upon their application, as well as to the state board, after the filing of the return by the state board and the trial of the issue, but before final decision thereon. The fact that the petition for the writ contained statements alleged to reflect unfavorably upon the official action of the local assessors does not entitle them to intervene in the litigation, nor does the use of the words in section 45, "unless otherwise directed by the court or judge granting the writ," justify the court in making them parties, since they apply only to parties legally interested in the proceeding, not to those whose only interest is sentimental and whose sole purpose in making the application is to protect their official reputations or to repel any reflection incidentally cast upon them in a litigation between other parties upon other questions.

*People ex rel. Rochester Telephone Co.* v. *Priest,* 101 App. Div. 223, reversed.

(Argued April 11, 1905; decided April 25, 1905.)

APPEALS, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered January 18, 1905, which modified an order of

Special Term permitting the assessors of the city of Rochester to intervene, be made parties to, and serve an answer in a proceeding by certiorari, by substituting an order directing that the writ granted be amended by directing that it run to said assessors as well as to the original parties and that they return their proceedings with respect to the assessment of real property in said city of Rochester with the same force and effect as if the writ had originally been directed to them.

The following questions were certified:

"*First.* Was it the purpose of the statute to permit a relator assessed for a special franchise to challenge that assessment as unequal upon the ground that such special franchise was assessed at a greater ratio of value than was the real property upon the roll assessed by the local assessors?

"*Second.* Has the Supreme Court, in this proceeding, after the filing of the return by the state board of tax commissioners and the trial of the issue raised by such return and before final decision thereon, power to amend the order directing the writ so as to direct that the writ shall run to the board of assessors of the city of Rochester, upon their application, as well as to the state board of tax commissioners?

"*Third.* If the first and second questions shall be answered yes, has the Supreme Court power, in this proceeding, to direct the assessors of the city of Rochester to file a return and authorize them to therein put in issue and raise and litigate the question whether the other real property upon the same roll, upon which the assessment of the relator's special franchise appears, was or was not assessed at its full and true value?

"*Fourth.* If the first, second and third questions shall be answered yes, has the Supreme Court power, in this proceeding, to permit the assessors of the city of Rochester to raise, by their return, and litigate the question whether the state board of tax commissioners have in the assessment of the relator's special franchise assessed the same at its full and true value or at a sum less than its full and true value?"

The facts, so far as material, are stated in the opinion.

*Charles J. Bissell* for relator, appellant and respondent. The Supreme Court had no power to make any order permitting the assessors of the city of Rochester to intervene in this proceeding. (High's Ex. Leg. Rem. [3d ed.] § 450a; *How's Appeal*, 127 Penn. St. 134; *Wistanley* v. *People*, 97 Ill. 402; *State* v. *Burkhard*, 59 Mo. 75; *People ex rel.* v. *Oswego County Court*, 2 T. & C. 431; *People ex rel.* v. *Bd. of Canvassers*, 18 N. Y. S. R. 797; *Bohnet* v. *Mayor, etc.*, 150 N. Y. 279; *Chapman* v. *Forbes*, 125 N. Y. 532; *Hope* v. *M. Ry. Co.*, 79 App. Div. 583; *Mooney* v. *N. Y. L. R. R. Co.*, 163 N. Y. 242; *Koehler* v. *N. Y. E. Ry. Co.*, 159 N. Y. 218; *Rosenburg* v. *Salamon*, 144 N. Y. 92.) Upon the writ of certiorari issued in this proceeding and directed alone to the state board of tax commissioners, the relator had the right to raise and litigate the question whether the remaining real estate upon the same roll was or was not assessed at its full and true value. (*People ex rel.* v. *Priest*, 169 N. Y. 432; *M. Bank* v. *Mayor, etc.*, 172 N. Y. 35.) That part of the order of the Special Term which permits the assessors of the city of Rochester to raise by their answer, and by evidence litigate the question whether the relator's special franchise was assessed by the state board at its full and true value, or at a less sum, is clearly erroneous. (*People ex rel.* v. *State Bd. of Tax Comrs.*, 174 N. Y. 417.)

*William W. Webb, Corporation Counsel,* for assessors of city of Rochester, respondents and appellants. The writ of certiorari should have been directed to the assessors of the city of Rochester in the first instance, as the relator sought relief in this proceeding upon the ground that the assessors of the city of Rochester had not assessed real property in said city at its full value. In order to raise such a question under the Tax Law it was necessary that the local assessors should be made parties to the proceeding. (L. 1899, ch. 712; *People ex rel.* v. *Priest*, 169 N. Y. 432.) If the writ of certiorari issued herein was properly issued under section 45 of the Tax Law, the assessors of the city of Rochester are entitled under

that section to be made parties hereto, and the Code of Civil Procedure also gives them the right to be made parties to this proceeding. (*People ex rel.* v. *Barker,* 152 N. Y. 417; *People ex rel.* v. *Feitner,* 168 N. Y. 441; *People ex rel.* v. *Priest,* 169 N. Y. 432; Code Civ. Pro. §§ 2132, 2133, 2137; *People ex rel.* v. *Jones,* 110 N. Y. 509.) The defendants in a certiorari proceeding commenced under the Tax Act have the right to seek to uphold the validity of their proceedings. (*People ex rel.* v. *Palmer,* 86 Hun, 513; *People ex rel.* v. *Wells,* 84 App. Div. 330; *People ex rel.* v. *Tax Comrs.,* 174 N. Y. 417; *People ex rel.* v. *Dederick,* 161 N. Y. 195; *People ex rel.* v. *Barker,* 165 N. Y. 305; *People ex rel.* v. *Feitner,* 168 N. Y. 441.)

*Julius M. Mayer, Attorney-General* (*Horace McGuire* of counsel), for respondents. If the local board are made parties to this proceeding, they should not be permitted to traverse the determination of the state board of tax commissioners upon the question of the value of a special franchise. (*People ex rel.* v. *State Bd. of Tax Comrs.,* 174 N. Y. 417.)

O'Brien, J. The only question that the appeal in this case presents is the power of the court to permit certain outside parties to intervene in a proceeding instituted by a writ of certiorari, after issue joined between the original parties and just before the close of the trial.

The relator procured a writ of certiorari to be issued against the persons composing the state tax commissioners or the state board of tax commissioners. The relator alleged in the petition that the special franchise taxes imposed by the state board upon its franchises in the city of Rochester were, for the reasons stated, illegal and unequal, when compared with the valuation of other real property in the city, and the petition prayed that the writ issue to review the action of the state board with respect to the valuation of the relator's franchises. The officers composing the state board made a return and the issues presented were brought to trial, but before it was completed, or at least before any judgment or order was

entered, the local assessors of the city of Rochester appeared before the court and asked that they be permitted to intervene in the proceedings. Their application was granted at the Special Term, with certain restrictions as to the questions to be litigated by them. The relator appealed from this order to the Appellate Division and that court modified the order of the Special Term by substituting in its place an order of its own, the material part of which is as follows : " Ordered, that the writ granted herein on the 6th day of May, 1903, be amended by directing that it run to Charles F. Pond, Joseph C. Wilson, Frank Fritzsche and Charles H. Judson, as the Board of Assessors of the City of Rochester, as well as the State Board of Tax Commissioners, commanding the said board of assessors of the City of Rochester to return their proceedings with respect to the assessment of real property in said city, with the same force and effect as if the writ had originally been directed to them."

It will be seen that this order imported into the case all of the assessment rolls of the city of Rochester. The issues joined between the original parties have not yet been decided and the case awaits the determination of the question of the right of the local assessors to intervene. The learned court below has certified to this court certain questions which it is claimed arise in the controversy. The first two questions are, briefly stated : (1) Does the statute permit a relator assessed for a special franchise to challenge the assessment as unequal, upon the ground that such special franchise was assessed at a greater ratio of value than was the real property upon the roll assessed by the local assessors ? (2) Has the Supreme Court power to amend the original order directing the writ so as to direct that it shall run to the local assessors upon their application, as well as to the state board, after the filing of the return by the state board and the trial of the issue, but before final decision thereon ? The other two questions certified are hypothetical and depend upon the answers to the questions already stated, and obviously are not involved in the disposition of this appeal. So the case presents no question what-

1905.] People ex rel. Rochester Tel. Co. *v.* Priest. 305

N. Y. Rep.] Opinion of the Court, per O'Brien, J.

ever except the power of the court to permit the local assessors to intervene.

In section 45 of the Tax Law the right to review the action of the state board is expressed in the following terms: "An assessment of a special franchise by the state board of tax commissioners may be reviewed in the manner prescribed by article 11 of this chapter, and that article applies so far as practicable to such an assessment, in the same manner and with the same force and effect as if the assessment had been made by local assessors; a petition for a writ of certiorari to review the assessment must be presented within fifteen days after the completion and filing of the assessment roll, and the first posting or publication of the notice thereof as required by law. Such writ must run to and be answered by said state board of tax commissioners and no writ of certiorari to review any assessment of a special franchise shall run to any other board or officer unless otherwise directed by the court or judge granting the writ. An adjudication made in the proceeding instituted by such writ of certiorari shall be binding upon the local assessors and any ministerial officer who performs any duty in the collection of said assessment in the same manner as though said local assessors or officers had been parties to the proceeding." It will be seen by other provisions of the Tax Law (section 21) that the local assessors can exercise no powers or judicial functions in the assessment or valuation of that species of property defined as a special franchise. All that they have to do with it is to enter the valuation as transmitted to them by the state board upon their rolls in the column designated by the statute for that purpose. The controversy presented by this case is, therefore, between the relator and the officers that assessed its special franchises, namely, the state board. There is no question as to the validity or regularity of the local assessment of real estate by the local board, and no official act of the local assessors can be affected by the proceedings which the relator instituted. It is said, however, that inasmuch as the relator has alleged that the general assessment of real estate in the city is much less than

its true value, and less relatively than the valuation imposed by the state ·board upon the relator's special franchises, the decision in the case may reflect unfavorably upon the manner in which the local assessors have performed their duties, which was to assess all property at its true value. The fact that reflections may incidentally be·cast·upon the manner in which a public officer performs his duty affords no legal ground for permitting him to intervene in a controversy between other parties. This is the principal ground upon which the local assessors ask to be made parties to this proceeding. They contend that their official action was incidentally assailed by the relator when it alleged that real estate, other than special franchises, in the city had been assessed for less than its true value. But the allegation, whether sustained or not, cannot change the assessment rolls, so far· as the valuation of other real estate is concerned. Therefore, it would seem that the claim of the assessors is based more upon sentiment than upon legal right, and the proposition that a public officer should be permitted to intervene in a litigation between other parties simply because his official action is incidentally to be brought in question, cannot be sustained or tolerated.

But it is contended that the use of the words *" unless otherwise directed by the court or judge granting the writ,"* contained in section 45 of the Tax Law, recognizes the power of the court to introduce new parties into the litigation, even after the trial has been commenced. It ·is quite likely that that is true, but what parties are to be brought in, and for what reason? When we examine other provisions of law on this subject the use of these words will be explained. By section 452 of the Code of Civil Procedure power is conferred upon the courts to introduce new parties, where a complete determination of the controversy cannot be had without their presence, and where other parties are interested in the subject-matter of the action. By section 2137 of the Code a new party may be brought in on his own application, where it is shown that he is specially and beneficially interested in upholding the determination to be reviewed. By section 2133 of the

Code the court is given power in a certiorari proceeding to make an order therein in relation to any matter not provided for in the article, as a similar proceeding may be taken in an action brought in the same court and triable in the county where the writ is returnable. There is some dispute between counsel as to how far all or any of these provisions apply to the writ in the present case. It is needless to discuss that question, since we have no doubt that the principle which underlies these provisions does apply here, and it was these provisions that the legislature had in view when it used the words quoted from section 45. These words refer to cases where the parties asking to intervene bring the case within the principle of these sections; but it cannot be assumed that the legislature intended to empower the courts to introduce new parties into a litigation for no legal reason or cause whatever. The parties asking to intervene must show that they have some legal interest in the controversy, or if they are public officers, as in this case, that the interests which they represent will be, in a legal sense, unfavorably affected by the judgment in the case. It cannot be supposed that it was intended that new parties could be introduced for the sole purpose of protecting their official reputations, or repelling any reflections which might incidentally be cast upon them in the progress of a litigation between other parties upon other questions.

The first question stated above requires us to give construction to the statute and decide whether the question of inequality can be litigated in the proceeding in advance of any decision on that point by the court of original jurisdiction.

We think that the orders of the Appellate Division and Special Term appealed from must be reversed, with costs to the relator in all courts against the interveners; the second question answered in the negative, and the other questions need not be answered, since they relate to matters not involved in this appeal.

Cullen, Ch. J., Bartlett, Haight, Vann and Werner, JJ., concur; Gray, J., absent.

Orders reversed.