PEOPLE ex rel. CONSOLIDATED WATER CO. OF SUBURBAN NEW YORK v. WOODBURY et al., State Board of Tax Com'rs.

(Supreme Court, Special Term, Albany County. April 30, 1910.)

1. COSTS (§ 2*)—POLICY OF LAW.
    The policy of the law in imposing costs is not only to reimburse the successful party, but to discourage litigation.
    [Ed. Note.—For other cases, see Costs, Dec. Dig. § 2.*]

2. TAXATION (§ 496*)—ASSESSMENT—REDUCTION—COSTS—LIABILITY—MUNICIPALITY NOT PARTY TO PROCEEDINGS.
    Tax Law (Consol. Laws, c. 60) § 294, provides that upon review of proceedings of assessing officers, if the assessment be reduced by an amount greater than one-half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the tax district represented by the officers whose proceedings may be reviewed. Held, that in proceedings to have reduced an assessment of a water company's special franchise in a town, made by the State Tax Board, on the ground that the assessment was at full value and that other real property in the town was assessed at not higher than 55 per cent. of the actual value, the State Tax Board were the assessing officers representing the tax district comprising the town within the section, and the assessment being reduced by an amount greater than one-half the reduction claimed before the assessing officers, costs and disbursements should be awarded against the town, though it was not a party to the proceedings.
    [Ed. Note.—For other cases, see Taxation, Dec. Dig. § 496.*]

Certiorari by the People, on the relation of the Consolidated Water Company of Suburban New York, against Egburt E. Woodbury and others, constituting the State Board of Tax Commissioners, to reduce an assessment of a special franchise. On application for costs and allowances. Granted in part.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application to confirm the report of Charles H. Young, Esq., referee; reducing the assessment for 1907 on the special franchise of the relator in the town of Mt. Pleasant, Westchester county, N. Y., from $67,000 to $40,000, upon the ground of inequality of assessment, the referee holding that the relator assessed the special franchise at what they deemed was full value; that other real estate in the town of Mt. Pleasant was assessed for the year 1907 at not higher than 55 per cent. of its actual value.

Edward R. O'Malley, Atty. Gen. (Howard H. Morse, of counsel), for State Tax Commission.

Walradt, Blaney & Hord, for relator.

LE BOEUF, J. The referee, a man of great ability and experience, has heard the testimony, and I do not feel called upon to disturb the findings which he has made, and will therefore sustain his report.

An application is now made on the part of the relator for costs and allowance, and no authorities are presented construing the section of the law under which both parties deem, if made at all, such award should be made. The defendants contend that costs cannot be allowed, as they amount either to a fine upon the local assessors or the tax district; neither being represented in this proceeding. Prior to 1905 costs could not be imposed under the tax law in this case, for neither gross negligence, bad faith, or malice could here be charged against the commissioners. Then there was added an amendment:

"If the assessment shall be reduced by an amount greater than half the reduction claimed before the assessing officers, costs and disbursements shall be awarded against the tax district represented by the officers whose proceedings may be reviewed." Section 294, Tax Law (Consol. Laws, c. 60).

In this case the referee has reduced the assessment by an amount greater than half the reduction claimed before the assessing officers.

Do these officers, the tax commissioners, represent the tax district within the meaning of the law, for no other taxing officers are before the court? Defendants cite People ex rel. Met. St. Ry. Co. v. Tax Commissioners, 174 N. Y. 417, 442, 67 N. E. 69, 63 L. R. A. 884, 105 Am. St. Rep. 674, against this proposition. That case held that it was not a violation of the home rule principle of the Constitution that an assessment of this new kind of property which might be extended throughout several taxing districts should be assessed by a state commission having jurisdiction throughout the state, rather than by a piecemeal assessment by various local officers—the latter a mode absolutely impracticable. But it did not hold that this assessment once made was not for the benefit of the tax district.

Nor does People ex rel. Rochester Tel. Co. v. Priest, 181 N. Y. 300, 73 N. E. 1100, cited by defendants, assist in the construction of this amendment. That case was decided before this amendment was passed, at a time when only the tax officers themselves could have costs taxed against them for gross negligence, bad faith, or malice. It was there held that the local assessors could not be made parties to the proceeding after the filing of the return by the state board and the trial of the issues, but before decision; the court saying:

"It would seem that the claim of the assessors is based more upon sentiment than upon legal right, and the proposition that a public officer should be permitted to intervene in a litigation between other parties, simply because his

official action is incidentally to be brought in question, cannot be sustained or tolerated."

These authorities did not determine that the State Tax Board, the only parties defendant before this court, were not the assessing officers representing the tax district. If they did not represent the town of Mt. Pleasant, it is difficult to understand whom they did represent. Their assessment when final went on the tax rolls of that district, which became the basis of the levy of every tax for all local purposes which were collectible in that district.

Although the assessment was not actually made by the tax assessing officers of the town of Mt. Pleasant under the provisions relating to special franchises, when the assessment was placed on the Mt. Pleasant assessment roll, it became for all intents and purposes an assessment of that tax district.

This is substantially held by the Court of Appeals in the Jamaica Water Supply Company Case, 196 N. Y. 39, 89 N. E. 581, where the court says:

"For the purpose of review upon certiorari, the valuation of the special franchise shall be treated as though it had been fixed by the same officers as those who made the other assessments upon the roll."

The court, continuing, says:

"It is difficult to perceive what other effect can be given to the command that such valuation shall become part thereof with the same force and effect as if such assessment had been originally made by such assessors or other officer." Tax Law (Consol. Laws) c. 60, § 43.

Under the old law it was held that costs were to be allowed to the Tax Commissioners upon the quashing of the writ as a matter of right. Schell-Fry-Stimpson v. Tax Commissioners, New York Law Journal, March 6, 1894.

Under this law as amended, with evident purpose to grant some one costs, it would appear a gross injustice to refuse costs to the relator, including expenses of the reference. The court had the power under the law as it stood at the time of the commencement of these proceedings to require, and did require, a reference. The relator came into court to review an improper assessment, and has succeeded clearly within the terms of the statute in putting itself in the position of requiring the payment of taxable costs, the payment of the costs permitted by the section of the tax law.

Apart entirely from the terms of the statute, which appear to me to be mandatory, no injustice is done the tax district by imposing such costs. In the cases cited the court would not permit the local assessors to intervene, yet in those cases the court was taking proof of the fact that these local officers were assessing property at a percentage of true value, instead of full value, as the law required. Through such evidence, or evidence of percentage of equalization by some board, because of such conditions of assessment, the taxable values of this particular kind of property might be reduced and the tax district lose by the transaction. That loss was quite as important to the town as the costs of this case spread over the whole taxing district; yet evi-

dently the Court of Appeals from the position which it took saw no injustice in refusing to permit local assessors to become parties.

Here the charge of the relator is inequality of assessment. The town has not asked leave to intervene. The referee has found that inequality exists, and that the local officers of this tax district assessed at only 55 per cent. of true value. Therefore a reduction has been made in this case due to causes for which the tax district itself is to blame. The policy of the law in imposing costs is not only to reimburse the successful party, but to discourage litigation. It occurs to one that, if costs were discretionary, to impose them might have the effect of removing the inconsistent condition which now exists in this state—the spectacle of a State Board of Tax Commissioners assessing realty at what they deem its full value, and the local assessors, sworn to the same duty, notoriously assessing at less than the true value, the result of which is the state board, after having made an assessment which they believe conforms to their oath, are then required in order to prevent litigation to ascertain how far the local assessors have not complied with the law, and deduct that percentage, whatever it may be, from what they deem to be the true value of the franchises.

The application of the relator for costs, as provided in section 294 of the tax law, including the expense of furnishing the referee a copy of the stenographer's minutes of the evidence taken, is granted, but the relator's application for an extra allowance of 5 per cent. is denied.