[Central of Georgia Ry. Co. v. Finch.]

# Central of Georgia Ry. Co. *v.* Finch

### *Damages for Death of Person on Track.*

(Decided January 18, 1912.  Rehearing denied June 29, 1912.
59 South. 619.)

1. *Railroads; Persons on Track; Instructions.*—Where the action was against a railroad for the death of a person on the track, and the plaintiff relied on the humanitarian doctrine, a charge that unless the jury believed from the evidence that the engineer did not discover the peril of plaintiff's intestate in time to avoid the injury, they must find for defendant, is erroneous as "unless" is equivalent to "if not," the use of the double negative predicating plaintiff's right of recovery upon the absence of negligence.

2. *Same.*—Where there was nothing from which an engineer of a railroad train might judge that a person on the track would not step off, the engineer is not guilty of negligence in failing to stop the train or check its speed, although he sees the person on the track.

(McClellan and Sayre, JJ., dissent.)

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by Georgia B. Finch as administratrix against the Central of Georgia Railway Company, for damages for the death of her intestate.  Judgment for defendant in the trial court, which on motion of plaintiff was set aside and the cause restored to the docket and defendant appeals.  Reversed and the original judgment of the lower court reinstated.

GEORGE P. HARRISON, for appellant.  The jury was right in its finding under the evidence, and the court was in error in setting aside the verdict.  Defendant was entitled to the affirmative charge on the evidence and any other error that intervened was not good grounds for setting aside the judgment.—*Smith & Co. v. Wes. Ry.,* 91 Ala. 455; *Moody v. Walker,* 89 Ala. 619; 152 Ala. 129.

J. W. STROTHER, for appellee. Persons operating trains along highways or populous crossings must keep a lookout for trespassers.—*Duncan v. S. L. & S. E.*, 152 Ala. 118; *B. R. L. & P. Co. v. Jones*, 153 Ala. 157. Under the evidence in this case it was a question for the jury as to whether the speed of the train might have been diminished to such an extent after the engineer discovered the deceased on the track as to have permitted her to escape.—*L. & N. Robinson*, 141 Ala. 325; *Foshee's Case*, 125 Ala. 199; *Orr's Case*, 121 Ala. 419. The giving of charge 28 was clearly erroneous, and would have resulted in the reversal of the judgment on appeal, and hence, the court properly set aside the judgment and granted plaintiff a new trial.

SAYRE, J.—Appellee, Finch, as administratrix of Aletha J. Allen, sued appellant for causing the death of her intestate. Upon the evidence a jury rendered a verdict for the defendant. The court granted a new trial, and from that ruling the defendant appeals.

We will not repeat the evidence. Though we have no brief for the appellee, we apprehend there has been and is no denial that plaintiff's intestate was guilty of contributory negligence of the most unequivocal sort in going upon defendant's track, so that there could be no recovery as for what is commonly and conveniently called "initial negligence" on the part of the engineer in operating his engine. Witnesses for the plaintiff, as well as those for the defendant concur in establishing the fact that plaintiff's intestate, a woman more than 80 years of age and deaf, after being warned that it would be dangerous for her to attempt to cross the track at the time, and knowing that a train was due, if on schedule, went upon defendant's track at a point but a short distance from where it emerged from a cut

and around a sharp curve, without stopping to look or listen, and walked along the track in the direction of the approaching train without looking up or forward until the train was so near at hand that she could not escape, and all this at a place where the defendant's engineer was under no duty to keep a lookout for persons on the track.

The record affords evidence that the case was tried upon the issue of negligence vel non on the part of the engineer after he in fact became aware of the perilous situation of plaintiff's intestate. There was no colorable basis for any other contention, and charges given point to this as the issue litigated between the parties. There is satisfactory indication, also, that the new trial was granted because the trial court apprehended that error had been committed in giving special charges, requested by the defendant, on the subject of subsequent negligence—the particular character of negligence in dispute between the parties. Of these charges, that numbered 28 is the only one open to suspicion. This charge was in this language. "Unless the jury believe from the evidence that the engineer in charge of defendant's train did not discover plaintiff's intestate's position of danger in time to avoid the injury by the use of all means at his command, they must find for the defendant." "Unless" in this charge means "if not," and the use of the double negative had effect to make the charge predicate defendant's right to an acquittal upon the fact that its engineer did see the dangerous position of plaintiff's intestate in time to prevent the injury. Other charges make it clear enough that the court correctly understood the law to be that there was to be a verdict for the defendant if the engineer did all in his power to prevent the injury after he discovered plaintiff's intestate on the track; and without such other charges it

could not be supposed that the trial court approved the
proposition of the charge as it appears upon analysis.
Appellant suggests hasty composition and hurried con-
sideration incident to trials as accounting for the
phraseology of the charge; that doubtless the jury mis-
conceived it as the court did—that is, as asserting in
faulty grammatical form a correct proposition of law—
and that a clearly righteous verdict ought not to be set
aside on the chance that the jury looked at the charge
more narrowly than did the court, and were possibly
induced by consideration of the obvious merits of the
case; in short, the argument is that the charge was mis-
leading only, and would not have availed the plaintiff
for a reversal if the court's ruling on the motion had
left the burden of appeal upon him. If we might as-
sume that the jury has decided the case according to its
merits, we would regret that we are not permitted to
take this view of the case. But the charge was positive-
ly erroneous, and should have been refused. Involve-
ment or tendency to mislead is good ground for refus-
ing charges which state correct propositions of law;
but we cannot adopt the theory that charges erroneous-
ly stating the law may be given without error, because
their involved construction may have misled the jury,
so to speak, into interpretations which would reverse
their real meaning and bring them into agreement with
the law. It may be matter of general regret that a rule
should prevail which requires verdicts to be set aside or
reversals had in cases where the jury have determined
the result in accordance with their plain merits. But
we are constrained, and no doubt the trial court felt
constrained, by the statute which requires that charges
"must be given or refused in the terms in which they
are written."—Code, § 5364; *Eiland v. State,* 52 Ala.
322. Under this statute and the rule which has long

prevailed, this case would have been reversed on the plaintiff's appeal. It follows that the ruling of the trial court, which confessed error and restored the cause to the docket for a new trial, cannot be held for error.

However, the appellant insists, and the majority of the court agrees, that there was no conflict in the evidence, nor any room for conflicting inferences which would require the intervention of a jury, and that, since on this state of the case the court might have given the general charge for the defendant, thus eliminating all question as to the correctness of the special charges, the verdict and judgment should have been allowed to stand; this on the theory that the engineer, though he may have seen plaintiff's intestate in time to stop the train or materially check its speed, might, without negligence, have assumed that she would step off the track, and that there was nothing in the circumstances shown by the bill of exceptions to warn him that she would not, and that he might have proceeded on that hypothesis until it became too late to save the life of plaintiff's intestate.—*Central of Georgia v. Blackmon,* 169 Ala. 304, 53 South. 805; *Southern Ry. Co. v. Gullatt,* 150 Ala. 318, 43 South. 577; *Southern Ry. Co. v. Bush,* 122 Ala. 470, 26 South. 168. The writer is unable to say that, as matter of law, there was nothing worthy of the jury's consideration to authorize the finding that the engineer did not either listlessly, inadvertently, or negligently fail to use the means at hand which, if promptly and carefully used, might have stopped the train, or so far checked its speed as to give plaintiff's intestate an additional interval in which she might have escaped with her life, and in this opinion McCLELLAN, J., concurs. We concede that the weight of evidence was with the appellant's view of the case, but think there was enough to make the question of negli-

gence one for the jury, and that parties are entitled to have all disputed questions of act determined, in the first place, by the constitutionally appointed triers of fact, however much the weight of evidence may fall upon one side, and however clear the just inference may seem. Trial judges have it within their power to control plainly erroneous findings by the jury by exercising the right to grant new trials, and we defer much to their judgment in cases where there is any substantial doubt as to how the issues ought to have been decided; but the jury must first be given an opportunity to decide the facts under proper instructions as to the law. We think, therefore, that, plain error having been shown in the statement of the law to the jury, the trial court properly set aside the verdict. The majority of the court, consisting of SIMPSON, ANDERSON, MAYFIELD, and SOMERVILLE, are of opinion that the evidence did not call for an application of these principles, and therefore order a reversal, in order that the original judgment may be reinstated as the judgment of the court below.

Reversed and remanded.

SIMPSON, ANDERSON, MAYFIELD, and SOMERVILLE, JJ., concur. MCCLELLAN and SAYRE, JJ., dissent.