MT. ARBOR NURSERIES, Respondent, v. GURNEY SEED &
NURSERY CO., Appellant.

(191 N. W. 835.)

(File No. 5172.   Opinion filed January 22, 1923.)

1.  Corporations—Foreign Corporations—Bills and Notes—Pleadings
—Answer—Answer Alleging Note Was Made in State and
Payee's Noncompliance With Foreign Corporation Laws Held
Insufficient to Raise Defenses Under Statute.

In an action on a note by a foreign corporation, an answer
setting up the corporation's · noncompliance with the foreign
corporation laws (Rev. Code 1919, Secs. 8900-8916), and al-
leging the note was made within the state, is not sufficient as
stating a defense under Section 8909, invalidating contracts
made by or on behalf of any foreign corporation, affecting the
personal liability thereof, or relating to property within this
state, before it shall have complied with the law relating
thereto, since it does not indicate that the note in suit is a
contract affecting the personal liability of plaintiff or relating
to property within this state, and neither is it sufficient as
stating a defense under Section 8902, providing no such cor-
poration shall transact business or acquire, hold, or dispose of
property in this state until it has caused to be filed in the office
of the secretary of state a copy of its charter, etc., since it
does not show that plaintiff either transacted business or ac-
quired or holds or has disposed of property within the state.

2.  Corporations—Foreign Corporations—Bills and Notes—Pleading
—Answer—Plaintiff Corporation's Failure to Comply With
Foreign Corporation Law Must be Raised by Answer Unless
Apparent From Complaint.

The defense of failure to comply with foreign corporation
laws must be raised by answer, unless such failure appears on
the face of the complaint; to this end, the answer must allege
facts sufficient to constitute a defense.

Appeal from Circuit Court, Yankton County; Hon. R. B.
Tripp, Judge.

Action by the Mt. Arbor Nurseries, a corporation, against
the Gurney Seed & Nursery Company, a corporation.   From a
judgment for plaintiff, defendant appeals.   Affirmed.

H. A. Robinson, of Yankton, for Appellant.

H. A. Doyle, of Yankton, for Respondent.

Appellant cited: American Button Hole Company v. Moore,
2 Dak. 280; Fuller & Johnson Mfg. Co. v. Foster, 4 Dak. 332;
Wright v. Lee, 2. S. D. 596; Foster v. Charles Bechter Lbr. Co.,

5 S. D. 57; Pech v. Groves, 6 S. D. 504; Bradley, Metcalfe & Co. v. Armstrong, 68 N. W. 733; Citizens' Bank v. Corkings, 9 S. D. 614; Acme Merc. Co. v. Rockford, 10 S. D. 203; Root v. Sweeney, 12 S. D. 43; Iowa Falls Mfg. Co. v. Farrar, 19 S. D. 632; Bishop & Babcock Co. v. Schleuning, 20 S. D. 71; Thompson v. Juve v. Schroyer, 20 S. D. 72; Dewey v. Komar, 20 S. D. 117; American Copying Co. v. Eureka Bazaar, 20 S. D. 536; Flint & Walling v. McDonald, 21 S. D. 526; 14 L. R. A. (N. S.) 673; Rex Buggy Co. v. Dineen, 23 S. D. 474; Reed v. Todd, 25 S. D. 421; Sioux Remedy Co. v. Cope, 28 S. D. 397; Otucalt Adv. Co. v. Sherman Dry Goods Co., 28 S. D. 307; Sioux Remedy Co. v. Cope, 234 U. U. 198, 59 L. Ed. 197; Williamson v. Aberdeen Automobile & Supply Co., 36 S. D. 387; Walters v. Hahn, 43 S. D. 153; Schiller Piano Co. v. Hyde, 43 S. D. 581, 181 N. W. 196; Tripp State Bank v. Jerke, 45 S. D. 448, 580.

Respondent cited: Sioux Falls Remedy Co. v. Cope, 235 U. S. 197, 59 L. Ed. 197; Wright v. Lee, 2 S. D. 596; Reed v. Ford, 25 S. D. 421; Schiller Piano Co. v. Hyde, 181 N. W. 196.

GATES, J.  This is a suit upon a promissory note made and executed by defendant at Yankton in this state in which plaintiff is the payee.  The plaintiff is a foreign corporation.  The defendant answered setting up as a defense the failure of plaintiff to comply with the foreign corporation laws of this state.  Sections 8900-8916, Rev. Code of 1919.

[1]  The plaintiff demurred to the answer as not stating sufficient facts, and the demurrer was sustained.  The defendant served and filed an amended answer which was in all respects similar to the original answer, except that the amended answer contained the affirmative allegation that the note was executed at the city of Yankton.  Plaintiff then moved for judgment upon the pleadings, and judgment was entered accordingly.  Therefrom defendant appeals.

Appellant contends that under section 8909, Rev. Code 1919, the promissory note was void.  That section reads:

"Every contract made by or on behalf of any foreign corporation, subject to the provisions of this chapter, affecting the personal liability thereof or relating to property within this state, before it shall have complied with the provisions of this chapter,

shall be wholly void, on its behalf and on behalf of its assigns, but shall be enforceable against it or them."

It does not appear from the pleadings that the note in suit is a "contract affecting the personal liability" of respondent, nor does it appear from the pleadings that the note in suit is a contract "relating to property within this state." There is therefore nothing in the pleadings which makes that section applicable as a defense to the note.

Appellant also contends that the answer states a defense under section 8902, Rev. Code 1919. That section, so far as here material, reads:

"No corporation, incorporated or organized otherwise than under the laws of this state, * * * shall transact business or acquire, hold or dispose of property in this state until such corporation shall have caused to be filed in the office of the secretary of state a copy of its charter," etc.

It is not alleged in the answer, nor does it appear from the complaint, that respondent has transacted business in this state, nor that it has acquired property within this state, nor that it holds property within this state, nor that it has disposed of propery within this state. The mere allegation that the note in suit was executed in this state does not bring the case within any of such necessary allegations.

[2] The defense of failure to comply with the foreign corporation laws is one that must be raised by answer, unless such failure appears on the face of the complaint. Acme Merc. Agency v. Rochford, 10 S. D. 203, 72 N. W. 466, 66 Am. St. Rep. 714. Such being the case, the answer must allege facts sufficient to constitute a defense. The answer in this case does not state a defense.

The judgment appealed from is affirmed.

Note—Reported in 191 N. W. 835. See American Key-Numbered Digest, (1) Corporations, Key-No. 672(4), 14A C. J. Sec. 4151; (2) Corporations, Key-No. 672(4), 14A C. J. 4151.

On validity of contracts made by foreign corporations which have not complied with statutory conditions of the right to do business in a state, see notes 24 L. R. A. 315 and 1 L. R. A. (N. S.) 1041.