## MISSOURI PACIFIC RAILROAD COMPANY *v.* PRUDE.

ERROR AND CERTIORARI TO THE SUPREME. COURT OF THE
STATE OF ARKANSAS.

No. 272.   Submitted May 1, 1924.—Decided May 12, 1924.

1. A decision of a State Supreme Court denying an interstate carrier an immunity based upon a stipulation on an interstate passenger ticket *held* reviewable by certiorari and not by writ of error.  P. 100.
2. A ticket for interstate passage over several railroads bore a printed stipulation limiting the selling carrier's liability to its own lines. *Held,* that by accepting and using the ticket, though without reading it, a passenger must be presumed to have agreed to the stipulation, thereby establishing a contract, *prima facie* valid, and binding in a state court.  P. 101.

156 Ark. 583, reversed.

ERROR and certiorari to a judgment of the Supreme Court of Arkansas affirming a judgment for damages in an action against the above named railroad company for an assault committed on the plaintiff while traveling over the line of a connecting carrier.

*Mr. Edward J. White* and *Mr. Thomas B. Pryor* for plaintiff in error and petitioner.

*Mr. S. S. Hargraves, Mr. S. H. Mann, Sr.,* and *Mr. S. H. Mann, Jr.,* for defendant in error and respondent.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The writ of error was improvidently granted and must be dismissed. The application for the writ of certiorari is granted. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Starbird,* 243 U. S. 592. Act September 6, 1916, c. 448, 39 Stat. 726; Jud. Code, § 237.

Respondent purchased from petitioner a round-trip coupon ticket issued at its office in Forrest City, Ark., which authorized her to travel over its line to Texarkana, Ark., thence over the Texas Pacific Railroad to Longview, Tex., and from the latter point over the International & Great Northern Railroad to Houston, Tex., and return via the same route. Claiming that while on the line of the last-named company she was assaulted by the auditor, she instituted an action to recover damages from the selling carrier in the Circuit Court for St. Francis County, Ark.

Defending, the carrier set up and established that the ticket called for passage over three independent lines and contained the following: " In selling this ticket and checking baggage hereon, the selling carrier acts only as agent and is not responsible beyond its own lines." And it maintained that any assault upon respondent was by the auditor of the International & Great Northern Railroad Company for whose acts petitioner was not responsible.

The ticket was purchased over the telephone. When respondent reached the depot she paid the purchase price and was handed the ticket in an envelope. She did not sign or inspect it.

The trial court denied a peremptory instruction in favor of petitioner, and the case was sent to the jury upon the theory that the assault constituted a breach of the initial carrier's contract for safe transportation. Judgment went in favor of respondent for both compensatory

and punitive damages, and was affirmed as to the former by the Supreme Court of Arkansas. This was error.

An interstate carrier is entitled to the presumption that its business is being conducted lawfully. Acceptance and use of the ticket sufficed to establish an agreement, *prima facie* valid, which limited the selling carrier's liability. Mere failure of the passenger to read matter plainly placed before her cannot overcome the presumption of assent. *New York Central & Hudson River R. R. Co.* v. *Beaham*, 242 U. S. 148, 151; *Galveston, Harrisburg & San Antonio Ry. Co.* v. *Woodbury*, 254 U. S. 357, 360.

*Reversed.*