J. R. PLUNKETT, Appellant, v. W. A. HOPLEY, Appellee.

No. 39674.

SEPTEMBER 24, 1929.

*E. M. Willard,* for appellant.

*Swan, Martin & Martin,* for appellee.

MORLING, J.—The note sued on is in ordinary form, dated and payable at Atlantic, Iowa, names plaintiff (J. R. Plunkett) as payee, and is signed by the defendant. Defendant, admitting he signed the note, alleges that it was given for a policy of insurance upon his life, and was secured by misrepresentation, on discovering which he rescinded the contract. The only evidence in the case is the note, and plaintiff's statement in testimony that it was given for premium on a life insurance policy issued and delivered to defendant. Defendant moved for, and obtained, a directed verdict, on the ground that the note was given for insurance, and did not show that fact on its face. He says here that his "sole and only contention" "is that, the evidence having shown that said note was given for life insurance, and as shown by the note itself, * * * said note did not have on its face that it was given for insurance, and therefore was not collectible, under the laws of the state of Iowa." He relies on Section 8958, Code of 1927:

"All notes taken for policies of insurance in any company doing business in the state shall state upon their face that they have been taken for insurance, and shall not be collectible unless the company and its agents have fully complied with the laws of the state relative to insurance."

The history of this legislation may be traced in Laws of the Twelfth General Assembly, Chapter 138, Section 25; Code of 1873, Section 1146; Code of 1897, Section 1726. We think it evident that the statute does not say or mean that a note taken for insurance shall be void or uncollectible if it does not state on its face that it is taken for insurance. The requirement that such notes shall so state is, as to the point now under consideration, "to discourage unauthorized companies from doing business in this state" (*Cook v. Weirman,* 51 Iowa 561, 562) ; to protect the assured against liability because of negotiation to holders in due course of notes given to unauthorized companies; and to give to prospective purchasers of such notes notice of defense for such

possible illegality. Compliance "with the laws of the state relative to insurance" has reference to the laws regulating such insurance, of which the provision in question was made a part by the Code of 1873. The provision could not have been intended to be so wholly purposeless as the making a note given for insurance void simply because it does not say it was given for insurance.

Though the defense is not further pressed, yet we think it incumbent upon us to say that the word "unless," as used in the statute, means "if it be not that," or "if it be not a fact that," or "without the case that" (Century Dictionary "unless;" March's Thesaurus Dictionary 195, 677; Webster's New International Dictionary "unless"), rather than "except." We think the statute is not intended to prescribe a general rule of uncollectibility of insurance notes, with exception in the case of an affirmative showing by plaintiff of full compliance with the insurance laws. The presumption of law is of legality of conduct, rather than illegality; and this applies to the business of corporations, foreign as well as domestic. 22 Corpus Juris 107, 108; 14a Corpus Juris 1358, 1385; *Mt. Arbor Nurseries v. Gurney S. & N. Co.,* 46 S. D. 234 (191 N. W. 835); *McIntosh Livestock Co. v. Buffington,* 116 Ore. 399 (241 Pac. 393); 12 Ruling Case Law 101; *Northrup v. A. G. Wills Lbr. Co.,* 65 Kan. 769 (70 Pac. 879); *Meaker Galvanizing Co. v. McInnes & Co.,* 272 Pa. St. 561 (116 Atl. 400); *McClarran v. Longdin-Brugger Co.,* 24 Ohio App. 434 (157 N. E. 828); *Langworthy v. Garding,* 74 Minn. 325 (77 N. W. 207); *Missouri Pac. R. Co. v. Prude,* 265 U. S. 99, 101 (68 L. Ed. 919, 928). See *McKinley-Lanning L. & Tr. Co. v. Gorden,* 113 Iowa 481, 484. We are of the opinion that it was not the intention of the legislature in the case of notes given for insurance to reverse this presumption.—*Reversed.*

EVANS, FAVILLE, DE GRAFF, KINDIG, WAGNER, and GRIMM, JJ., concur.

ALBERT, C. J., and STEVENS, J., dissent.

STEVENS, J. (dissenting).—The opinion of the majority in this case, as I view it, is the exact negative of the plain, unam-

biguous language of Section 8958, Code of 1927, and of the obvious intent of the legislature. The statement in the opinion quoted from *Cook v. Weirman,* 51 Iowa 561, that the purpose of the statute is "to discourage unauthorized companies from doing business in this state," is without contrary significance. If this be conceded to be the purpose, how does it conceivably affect the statute? The court held, in the cited case, that the omission of the words "for insurance," or other equivalent language, does not affect negotiability. Thus, a note taken in violation of the statute is collectible in the hands of an innocent purchaser for value. The opinion of the majority interprets the words "shall not be collectible" as meaning collectible unless the defendant assumes and carries the burden of proving that the payee has not conformed to the statute. The word "unless," as defined by Webster, and as judicially defined, means: "Upon any less condition than (the fact or thing stated in the sentence or clause which follows)." *Hickory v. Railroad,* 137 N. C. 189 (49 S. E. 202) ; *Stein v. Dunne,* 119 App. Div. 1 (103 N. Y. Supp. 894) ; *Central of Georgia R. Co. v. Finch,* 179 Ala. 121 (59 So. 619) ; *People ex rel. Rochester Tel. Co. v. Priest,* 181 N. Y. 300 (73 N. E. 1100) ; *Laborde v. Ubarri,* 214 U. S. 173 (53 L. Ed. 955).

The definition applied to the statute means that the note is collectible only upon no less condition than compliance with the statute. What is it that the statute requires, to give the note collectibility? It must state upon its face that it was given for insurance. Collectibility is the exact opposite of uncollectibility. Collectibility means legally demandable. *M'Doal v. Yeomans,* 8 Watts (Pa.) 361; *French v. Marsh,* 29 Wis. 649. If collectibility means legally demandable, then uncollectibility must mean not legally demandable, or the contrary. It being assumed that the purpose of the statute is to discourage unauthorized companies from doing business in this state, is there any reason why the purpose should be "soft-pedaled?" Surely, if the burden of proving collectibility is placed upon the corporation, it would incur no difficulty in making the proof. It is in possession at all times of the facts; whereas the defendant, if the burden is cast upon him, must institute inquiry and search at his own expense, and produce testimony to show that the plaintiff has not complied with the statute. If the burden is put where the statute puts it,—on the corporation,—the effect will be *to discourage un-*

*authorized companies from doing business in this state,* far more than if the statute is given a reverse meaning, and application and the burden placed upon the maker. If the note is negotiable, and protected in the hands of a purchaser for value, and if the burden is on the maker to show that the company, at the time the note was executed, was not authorized to do business in this state, about all of the discouragement contemplated by the legislature disappears, and the protection to the maker, which was intended to be something more than a mere incident, is practically destroyed.

Insurance companies prepare their own notes, and it is no hardship upon them to print the words "given for insurance" on the face thereof. The natural tendency on the part of insurance companies will be to omit the words, if negotiation is desired.

In my opinion, the statute means what it says, and if it is given for insurance, the note is uncollectible unless the words required by the statute are written thereon. I would affirm.

ALBERT, C. J., joins in this dissent.