## HARPLEY et v H C WHITMER CO

Ohio Appeals, 9th Dist, Summit Co

No 2394. Decided Jan 28, 1935

Dwight G. Hay, Akron, for plaintiffs in error.

Carson, Howes & Roderick, Akron, for defendant in error.

## OPINION

By STEVENS, J.

Three errors are assigned by plaintiff in error:

First, that the judgment is against the weight of the evidence.

Second, that the judgment is contrary to law.

Third, error in the admission and rejection of evidence.

As to the first assignment of error, we do not find defendants' claim to be sustained by the record herein.

The second assignment raises three questions of law:

1. Was plaintiff doing business in the state of Ohio in contravention of §178 GC?

That question is conclusively answered in the negative by the decision of this court in **McClarran v Longdin-Brugger Co., 24 Oh Ap 434 (4 Abs 731)** and authorities therein cited.

2. Was the orignial guaranty agreement modified by agreement between plaintiff and Kendall?

It will be observed that the agreement of guaranty covered two items, the first being the payment of the sum of $346.85, and the second the "honest and faithful performance of said agreement."

The only sum sought to be recovered herein is the money item unconditionally guaranteed to be paid, and as no claim is being made under the second item of the guaranty, it becomes immaterial whether or not there was a material modification of the contract with reference to the terms of payment. However, it is our opinion that the evidence does not show, by a preponderance thereof, a modification with reference to the manner of payment.

3. Was the guaranty herein a continuing guaranty or a guaranty of payment?

It is the opinion of this court that, as to the sum of $346.85, the guaranty was one of payment.

It is contended by defendants that if the guaranty was one of payment, then the payments made, which exceeded the amount guaranteed by a substantial sum, should have been applied first to the liquidation of the amount guaranteed, and any balance to the payment of the unsecured residue.

In that connection, the record being silent as to any instructions by Kendall, as to the application of payments made upon his account, said payments could be applied by the plaintiff upon the unsecured indebtedness, at its discretion, as was done.

"* * * if the payment is made generally without any designation as to where it is to be applied, the creditor may, as he elects, apply it to either a guaranteed or an unguaranteed debt * * *."

28 C.J., "Guaranty," §166, p. 1005.

We find no prejudicial error in the admission or rejection of testimony.

Judgment affirmed.

WASHBURN, PJ, and FUNK, J, concur in judgment.